ZIMMERMAN v. MAY.

PROCESS — SUMMARY PROCEEDINGS—SUBSTITUTED SERVICE—TIME—
CIRCUIT COURT COMMISSIONER—JURISDICTION.
A summons in summary proceedings issued by a circuit court commissioner and served by the officer by substituted service on defendant the day before the time of appearance. did not confer jurisdiction upon the commissioner, since the statute (3 Comp. Laws 1915, § 13243) requiring the service to be made two days before the time of appearance applies as well to substituted as to personal service.

Certiorari by Fred C. Zimmerman and another against Samuel L. May, circuit court commissioner of Wayne county, to review an order denying a motion to dismiss summary proceedings for want of proper service. Submitted October 9, 1919. (Docket No. 22.) Decided December 22, 1919.

*Rood & Visscher*, for plaintiffs.

BIRD, C. J.   Plaintiffs applied to and obtained from this court a writ of certiorari to review certain summary proceedings pending before defendant commissioner in the county of Wayne, in which they were made defendants.   The questions raised are directed at the jurisdiction of the commissioner.   The summons was issued by the commissioner on February 6, 1919, and made returnable February 11th.   The return of the officer discloses the manner and time of service:

"I was not able to find the within named defendant in Wayne county, after diligent search and inquiry. I served the within summons on defendant on the 10th day of February, A. D. 1919, in the city of Detroit, in said county, by leaving a copy thereof entitled as such by me at the defendant's usual place of abode, with Charles C. Wirth, a person of suitable age and discretion, to whom I read the same and explained the contents thereof."

The principal point made against the service is that the summons was not served within the time provided by law.   The statute which directs the manner of service in such cases is as follows:

"The officer to whom such summons shall be delivered shall serve the same at least two days before the time of appearance mentioned therein, by delivering to the defendant, if to be found within the county, a copy thereof, but if the defendant shall not be found, it shall be served by leaving such copy at the usual place of abode of such defendant, in the presence of some person of suitable age who shall be informed of its contents."   3 Comp. Laws 1915, § 13243.

Upon motion of plaintiffs the commissioner refused to dismiss the writ.   It was his opinion that that part of the section which provides for a substituted service is not qualified by the portion which commands the service to be made at least two days before the time of the appearance.

We are of the opinion that the commissioner was in error in so interpreting the statute. The language of the section clearly indicates that it was the intention of the legislature that parties defendant who were personally served should have two full days' notice to prepare before the day of appearance, and we think it is equally clear from the wording of the statute that the legislature intended that a person upon whom substituted service was had should have the same notice before the time of appearance. It would, indeed, be an unreasonable conclusion to reach that the legislature intended a defendant upon whom personal service was had should be entitled to two days' notice in which to prepare to attend court, and that one who might be temporarily absent from his home should be entitled to less notice, especially since the latter would need more time ordinarily than a person to whose attention the summons was directly called. This service did not confer jurisdiction on the commissioner and should have been dismissed in response to plaintiffs' motion.

The judgment will be vacated, with costs of both courts to plaintiffs in this suit to be taxed against the plaintiffs in the summary proceedings.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.