GRANGER, Respondent, v. LUTHER, Appellant.

(176 N. W. 1019.)

(File No. 4526. Opinion filed March 26, 1920.)

1. Contracts—Party Drafted Into Army Service—State "Moratorium" Law, Constitutionality Re Impairing Obligation of Contract—Obligation, Remedy, Defined.

The state's right to enact "moratorium" laws, and thereby suspend or defer legal remedies, was settled in actions invoking such laws passed during Civil War period; which laws usually merely suspended right to sue or issue process against one in military service of such state or of the United States; but in said cases no contention was made that because of any emergency, state might enact a law impairing obligation of an existing contract—the unconstitutionality of such law was conceded; the courts being called upon to determine whether such laws impaired such obligation, or whether they merely affected the remedy, and to what extent remedies might be suspended or altered. These propositions

so recognized and established:     (a)   The obligation of a con-
tract originates in and is coeval with the contract itself, and
is brought into being by the parties thereto.     (b)   A legal
remedy is the means or method by which to recover one's
rights or remedies or redress his wrongs—enforcing the ob-
ligation of contract.     (c)   Remedies are creatures of legisla-
tion, and the power that creates may suspend, modify, or
change the remedy as to existing contracts, where former
remedy has not become part of a contract, or where parties
have not contracted as' to the remedy.     (d)   The power to
suspend, modify, or change a remedy does not authorize
enactment of a law so modifying or changing existing remedy,
or suspending a remedy for such length of time as to, in
effect, deny a remedy to one seeking to enforce a right or
redress a wrong growing out of a contract existing at time
of law's enactment.

2.  **Same—State, Federal, "Moratorium" Laws in General, Merely
    Suspensory of Legal Remedies—S. D. Law Distinguished, As
    Exempting Beneficiary From Obligation, Constitutionality Of
    Tenant in Military Service—Lessor's Vendee · in Possession
    After Default—Recovery, Right to Possession, and Rental
    Value.**

While certain states, following the action of states during
the Civil War, enacted moratorium laws during the late war;
yet an examination thereof, as well as of the federal law
(Act of March 8, 1918) discloses that they merely suspend
the ordinary legal remedies; while S. D. Laws 1918, Ch. 55,
purporting to extend time for payment of money due under
contract, and by Sec. 1, exempting beneficiary under such law,
until one year after termination of the war or of service
thereof, from any obligation to pay moneys due on any con-
tract except life insurance policies, and (Sec. 2) providing that
"The * * * enforcement of any * * * rights of entry
* * * which may hereafter * * * arise during the continuance
of the present war, shall be suspended or stayed" during
period above mentioned; and held, said provision as to en-
forcement of rights of entry, relates only to enforcement by
action, and therefore pertains only to legal proceedings
brought against the beneficiary under the law; and it has
no application to the present case, in which the plaintiff-lessee,
who subsequently to leasing the premises in question and
entry thereunder, was drafted into the military service of the
United States and served in the recent war, and who, upon
being discharged from such service sought to · recover pos-
session of the premises from a vendee of lessor who had
entered thereon, and to recover value of the intermediate
rentals; the lease empowering lessor or his agent to cancel

and annul the lease and re-enter the premises if monthly rental was not paid when due, or in case of sale of the premises. **Held**, further, that the provisions of Sections 1 and 2, impaired the obligation of said leaseholding contract, since by Sec. 1 it is attempted to extend time for payment of money due under contract, and is unconstitutional (S. D. Const., Art. 12, Sec. 1; Art. 1, Sec. 10, Fed. Const.); since lessor or his grantee had, under said lease, the right to enter upon and take possession of the premises, plaintiff having defaulted in payment of rent and lessor having sold the premises.

3.  **Same—"Moratorium" Law Based on War's Existence, State Law, Whether in Joint Operation With Federal Law, Question Not Decided.**

When appellant has not raised question whether a state "mortorium" law based on existence of war can only exist in favor of those in federal service when there was existing a federal law covering same subject, Court, by deciding constitutionality of our state law, does not imply that, so far as it merely suspends remedies, it is in force together with our federal law, no opinion being expressed thereon.

Appeal from the Municipal Court of the City of Aberdeen, Hon. A. L. McNaghter, Judge.

Action by Roe A. Granger, against W. H. Luther, to recover possession of premises leased by defendant's vendor to plaintiff, and to recover rental value thereof. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Van Slyke & Bartlett,* for Appellant.

No appearance for Respondent.

(1)  To point one of the opinion, Appellant cited: Edwards v. Kearney, 96 U. S. 595, 24 L. Ed. 793; Winona & St. Peter R. R. Co. v. Deuel County, 8 Dakota 22, 12 N. W. 561, and cases cited; (to subd. I): Barnitz v. Beverly, 163 U. S. 118; 41 L. Ed. 93; Hollister v. Donohue, 11 S. D. 501.

(2)  To point two, Appellant cited, re constitutionality of state law: McCracken v. Hayward, 2 How. 608, 11 U. S. L. Ed. 397; Louisiana v. New Orleans, 102 U. S. 203, 26 L. Ed. 132; Craig v. Herzman (N. D.), 81 N. W. 289.

WHITING, J. Trial to the court without jury. Judgment for plaintiff. Appeal from the judgment and from an order denying a new trial.

Resolving the material facts most favorable to respondent, they are as follows:

Respondent occupied a shop under a written lease, dated May 7, 1917, and running for three years, conditioned, among other things, that, if the monthly rental was not paid when due, or in case of the sale of said premises, "the said lessee does hereby authorize and fully empower said lessor or his agent to cancel and annul this lease at once, and to re-enter and take possession of said premises." After the making of this lease, respondent was drafted into army service. Respondent thereafter failed to make any payment on said lease. At the end of some six months, the owner sold the property to appellant, who entered into possession thereof. Appellant knew of the lease, its conditions, and that respondent was in the military service. Upon his return from service, respondent demanded possession of the building, and, possession being refused, brought this action for possession and to recover the rental value of said premises from date possession was taken by appellant.

It is too clear to admit of discussion that, unless some reason exists why the said lease should not bind respondent in accordance with the terms thereof, he was not entitled to the relief granted by the trial court. It is apparent from the whole record, including the allegations of the complaint, that respondent bases his right to recover the leased property upon the fact that he was in the military service of the United States during the late war. It is therefore evident that he bases his claim for relief either on our "moratorium" law (chapter 55, Laws 1918) or upon the federal "moratorium" law (Act of March 8, 1918 [U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3078¼a-3078¼ss]). Appellant assumes, and undoubtedly correctly, that respondent relies upon the state law; and appellant challenges said law as unconstitutional in that, among other things, it impairs the oblgations of contracts. Section 10, art. 1, Federal Constitution; section 12, art. 6, State Const.

[1] The right of a state to enact "moratorium" laws, and thereby to suspend or defer legal remedies, was fully settled in actions invoking such laws passed during the period

of the Civil War. Usually these laws merely suspended the right to sue or issue process against one in the military service of the particular state or of the United States, though in at least one state the law suspended the courts themselves. See acts discussed in Johnson v. Higgins, 3 Metc. (Ky.) 566; Edmonson v. Ferguson, 11 Mo. 344; Coxe's Executor v. Martin, 44 Pa. 322; McCormick v. Rusch, 15 Iowa 127, 83 Am. Dec. 401.

In all the above and in other cases based upon such laws enacted during the Civil War, no contention was ever made that, because of any emergency, a state would have a right to enact any law which would impair the obligation of an existing contract—in fact the unconstitutionality of such a law was conceded in every case. What the courts were called upon to determine was whether the laws under consideration did impair the obligations of contracts, or whether they merely affected the remedy, and to what extent remedies might be suspended or altered. The following propositions seem to be fully recognized and established:

The obligation of a contract originates in, and is therefore coeval with, the contract itself; and, resulting from the contract, it is brought into being by the parties thereto.

A legal remedy is the means or method by which one may recover his rights or redress his wrongs—in other words, the means or method of enforcing the obligation of contracts.

Remedies are the creatures of legislation and the power that creates may suspend, modify, or change the remedy as to existing contracts, at least where the former remedy has not become a part of a contract, or where the parties have not contracted as to the remedy.

The power to suspend, modify, or change a remedy does not authorize the enactment of a law which would so modify or change an existing remedy or suspend a remedy for such length of time as to, in effect, deny a remedy to one seeking to enforce a right or redeem a wrong growing out of a contract existing at the time of the enactment of such law. In support of these propositions, we cite the above cases, and also that of Breitenbach v. Bush, 44 Pa. 313, 84 Am. Dec. 442.

[2] Following the action of the states during the Civil

war, certain states enacted "moratorium" laws during the late war. Some of these laws were before the courts in Thress v. Zemple (N. D.), 174 N. W. 85; Konkel v. State, 168 Wis. 335, 170 N. W. 715, and Pierrard v. Hoch (Or.), 184 Pac. 494. An examination of these laws, as well as the federal law, discloses that they merely suspend the ordinary legal remedies. Not so with the law of this state. Section 1 exempts the beneficiaries under such law, until one year after the termination of the war, or of service therein from any obligation to pay moneys due on any contract except life insurance policies. Section 2 provides that "the * * * enforcement of any * * * right of entry * * * which may hereafter * * * arise during the continuance of the present war shall be suspended or stayed" during the period above mentioned. The other provisions of this law are not material to the present discussion. The two provisions above refered to are the only ones that can give any support to the decision of the trial court. ·

[4] We are of the opinion, in view of the remainder of section 2, that the above provision as to enforcement of "right of entry" relates only to enforcement by action and therefore pertains only to legal proceedings brought against the beneficiary under such law. We therefore think it has no application to the facts of this case. But if we were to hold that it denied to a party the contracted right of entry—the only ground upon which respondent can deny appellant's right of possession of said land—then we are presented with the question as to whether the provisions of sections 1 and 2 above referred to impair the obligation of the contract entered into between respondent and appellant's grantor.

That they do impair the obligation of this contract is perfectly apparent. As said by the court in Edmonson v. Ferguson, supra:

"If the General Assembly were to pass an act declaring * * * that a contract for the payment of any stipulated sum of money within one year * * * should not be due and payable for five years, it would be readily seen that the obligation of the contract was impaired—the contract would be lessened in value."

Here by section 1, our lawmakers have attempted to extend the time for payment of money due under contract. If A enters into a contract whereby he leases land to B, B's right of entry to come into existence and the term of the lease to commence upon a certain date, any law that would take from B the right to enter on said land or defer the exercise of such right impairs A's obligation under such contract and thereby diminishes the value of such contract to B. Here, upon the happening of either one of two events, the lessor or his grantee had, under the contract entered into by respondent, the right to enter upon and take possession of said premises. Both events happened; respondent defaulted in payment of rent and the lessor sold the premises.

[3] Appellant has not raised the question as to whether a state "moratorium" law based upon existence of war can exist and be in force in favor of those in the federal service when there is also in existence a federal law covering the same subject-matter. We do not intend by deciding the constitutionality of our state law to imply that, so far as it merely suspends remedies, it is in force and effect together with the federal law. Upon this we express no opinion, but would refer those interested to the two cases of Konkel v. State, supra, and Pierrard v. Hoch, supra, in which the courts seem to have been at variance upon this point.

The judgment and order appealed from are reversed.