## CRENSHAW *v.* GRANET.

1. ARMY AND NAVY—MORATORIUM STATUTE APPLICABLE ONLY TO DESIGNATED PROCESSES—FORFEITURE—LAND CONTRACTS.

  1 Comp. Laws 1915, § 928, exempting the separate property of officers and enlisted men in actual service of State or Nation from all process by way of execution, levy, seizement, or attachment for debts contracted prior to or during such service, applies only to the designated processes and proceedings incident thereto, and has no application to the right to declare a forfeiture of a land contract for default in payment, provided for therein.

2. CONSTITUTIONAL LAW—REMEDIES CREATED BY LEGISLATURE MAY BE SUSPENDED BY IT.

  Legal remedies which are mere creatures of the legislature may be suspended by it.

3. SAME — STATUTES — SUSPENSION OF REMEDIES NOT TO BE EXTENDED BY JUDICIAL CONSTRUCTION.

  Suspension of legal remedies, by way of withholding process, may not be extended by judicial construction to exempt one from the valid obligation of a contract, or stay another from rights and remedies therein agreed upon and enforceable without the aid of any process.

4. VENDOR AND PURCHASER—FORFEITURE—SUMMARY PROCEEDING—PROCESS—SUBSTITUTED SERVICE.

  Where the officer's return showed on its face that substituted service in summary proceeding to obtain possession of land after forfeiture of a land contract was made on the day before the date for appearance, said proceeding was a nullity; 3 Comp. Laws 1915, § 13243, requiring personal service to be made at least two days before the day for appearance being also applicable to substituted service.

5. SAME—DEFECTIVE SUMMARY PROCEEDING NOT SET ASIDE WHERE FORFEITURE VALID.

  In a suit to set aside the forfeiture of a land contract,

---

[1]Army and Navy, 5 C. J. § 218 (Anno); [2]Constitutional Law, 12 C. J. § 1104; [3]Id., 12 C. J. § 1104 (Anno); Statutes, 36 Cyc. p. 1103; 9 A. L. R. 6; [4]Vendor and Purchaser, 39 Cyc. p. 1896 (Anno); [5]Id., 39 Cyc. p. 1900 (Anno).

where it appears that the forfeiture was valid, and it would avail the purchaser nothing to set aside the summary proceeding for possession before the circuit court commissioner because of defective service, said proceeding is not set aside.

Appeal from Wayne; Collins (Joseph H.), J., presiding. Submitted October 20, 1926. (Docket No. 2.) Decided January 3, 1927.

Bill by Solomon J. Crenshaw against Morris Granet and another to set aside a forfeiture of a land contract. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*John G. Dunn* (*Harold D. Warren*, of counsel), for plaintiff.

*Benjamin, Beckenstein, Wienner & Quay*, for defendants.

WIEST, J.    This is a bill to be relieved from the forfeiture of a land contract on the ground that plaintiff was in the army of the United States at the time the forfeiture was declared, and, under the provisions of section 928, 1 Comp. Laws 1915, no forfeiture could be had. In the circuit plaintiff obtained a money decree for $688.51, defendants having sold the property. The decree must be reversed and the bill dismissed. The mentioned statute provides:

"All officers and enlisted men who may be in the actual service of this State or of the United States, * * * during the time of such actual service, and for a period of six months after such service shall cease, and their separate property shall during the same period be exempt from all process by way of execution, levy, seizement or attachment for debts contracted prior to or during such service." * * *

Manifestly, this statute applies only to the designated processes and proceedings incident thereto and not to

contract rights involving a stipulated forfeiture provision.    Right to declare a forfeiture, in case of default in making payments, was a part of the land contract, and, upon default and declaration of forfeiture, the contract constituted plaintiff a mere tenant holding over without permission and gave defendants the immediate right of possession.    The exercise of this contract right to declare a forfeiture was not a taking of plaintiff's "separate property" under "process by way of execution, levy, seizement or attachment," for debt.    This moratorium law was evidently framed to carefully avoid constitutional inhibition against impairment of the obligations of contracts, and, therefore, limited to suspension of remedies by way of designated legal processes only.    The remedies so suspended are mere creatures of legislation, and what the legislature creates it may suspend.    But suspension of legal remedies, by way of withholding process, cannot be extended by judicial construction to exempt one from the valid obligation of a contract or stay another from rights and remedies therein agreed upon and enforceable without the aid of any process.

An instructive case on this subject is *Granger* v. *Luther*, 42 S. D. 636 (176 N. W. 1019), involving the moratorium law of South Dakota in its application to the relation of landlord and tenant.    That the law speaks all intended by the legislature is made plain in *Ebert* v. *Poston*, 266 U. S. 548 (45 Sup. Ct. 188).

After notice of forfeiture defendants commenced a summary proceeding before a circuit court commissioner.    That proceeding was a nullity upon the face of the record.    Substituted service of the summons was made, as shown by the officer's return, on the day before the date for appearance.    The statute requires personal service to be made at least two days before the day of appearance (3 Comp. Laws 1915, § 13243) ;

and substituted service falls within the same requirement. *Zimmerman* v. *May*, 208 Mich. 55. This, however, only brings us back to the question of whether the forfeiture, declared while plaintiff was in the army, was good. It would avail plaintiff nothing to set aside the proceeding before the commissioner and leave the forfeiture standing. The forfeiture is in no sense dependent upon the proceeding before the commissioner. If the forfeiture was valid then plaintiff cannot be relieved from its force and effect, even if possession was taken without a valid summary proceeding. Right to declare the forfeiture was in the land contract, default was made by plaintiff, forfeiture was declared, defendants obtained possession from tenants of plaintiff and thereafter improved the premises and sold the same to another party. The moratorium statute did not relieve plaintiff from his obligation to make payments as they fell due under the terms of the land contract or exempt him from the agreed penalty of forfeiture if he failed to do so.

The decree in the circuit is reversed, and one will be entered in this court dismissing plaintiff's bill, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.