## NASH v. STATE LAND OFFICE BOARD.

1. VENDOR AND PURCHASER—FORFEITURE OF LAND CONTRACT—ESTOPPEL.

Defendant vendor under land contract was not estopped from insisting upon forfeiture of land contract, where plaintiff allowed 30-day period following receipt of notice of forfeiture to elapse without making payments requisite to prevent the forfeiture from becoming absolute and without making a sufficient showing of excuse for nonpayment (CL 1948, § 211.-358a).

2. SAME—STATE LAND OFFICE BOARD—WANT OF NOTICE OF INTENTION TO FORFEIT—STATUTES.

Want of notice of intention to forfeit land contract would not prevent forfeiture of contract actually in default to State land office board, as vendor, where controlling statute does not require service of notice of intention to forfeit (CL 1948, § 211.-358a).

3. SAME—STATUS OF PURCHASER IN DEFAULT—NOTICE OF FORFEITURE—REDEMPTION.

A land contract purchaser who is in default in making payments is constituted a mere tenant holding over without permission, where contract and controlling statute provide that forfeiture to State land office board, as vendor, should be effective 30 days after notice of forfeiture was given, such 30-day period providing the sole period within which redemption may be effected (CL 1948, § 211.358a).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5]  55 Am Jur, Vendor and Purchaser §§ 622, 625.
[1–5]  Waiver of, or estoppel to assert, or election not to assert, forfeiture of executory land contract because of default in payment.  107 ALR 345.
[2]  55 Am Jur, Vendor and Purchaser § 635.
[2]  Right of vendor in contract for sale or exchange of real property to bring suit for forfeiture, foreclosure, or rescission, or to quiet title or recover possession, without first giving notice, or making demand for possession.  94 ALR 1239.
[3–5]  55 Am Jur, Vendor and Purchaser §§ 639, 642.
[3–5]  Relief of purchaser against forfeiture of land contract.  40 ALR 182.

4. SAME—FORFEITURE—REDEMPTION.

A 30-day limitation within which to redeem premises from forfeiture of land contract in which State land office board was vendor is valid and effective, where no reason is presented why the legislature could not fix such period for lands sold under so-called scavenger act (PA 1937, No 155, as amended).

5. FORCIBLE ENTRY AND DETAINER—POSSESSION—STATE LAND OFFICE BOARD—FORFEITED LAND CONTRACT—REDEMPTION—OUSTER PROCEEDINGS.

No ouster proceedings were required to obtain possession of 3 vacant lots from purchaser under land contract from State land office board, where purchaser received notice of forfeiture and did not redeem within 30-day period thereafter, since he was not in actual possession and had no right of redemption or of possession after expiration of such 30-day period (CL 1948, § 211.-358a).

Appeal from Wayne; Maher (Thomas F.), J. Submitted January 15, 1952. (Docket No. 47, Calendar No. 45,101.) Decided April 7, 1952.

Bill by A. K. Nash against State Land Office Board of the State of Michigan to require defendant to accept payments on land contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Wilbur De Young,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Ernest O. Zirkalos,* Assistants Attorney General, for defendant.

REID, J. Plaintiff by his bill of complaint sought a decree of the chancery court requiring defendant to accept payments tendered by plaintiff on a land contract (which defendant had undertaken to forfeit) or to institute a summary ouster proceeding before a circuit court commissioner, and for other equitable relief. Defendant claimed that the for-

feiture of the land contract made and executed sub-
ject to the provisions of PA 1937, No 155, as amend-
ed,* became complete and effective 30 days after the
mailing to plaintiff and receipt by plaintiff, of a no-
tice of forfeiture, and that it was not necessary that
defendant institute summary ouster proceedings.

After taking testimony, the trial court dismissed
the bill on the ground that the default of plaintiff
was continuous and without excuse and of such a
nature that plaintiff had failed to make out a case
for equitable relief.

Plaintiff appealed. After the appeal, plaintiff
died, and the appeal is carried on by the adminis-
tratrix of his estate.

Plaintiff entered into a land contract with defend-
ant dated October 8, 1945, subject to said act (PA
1937, No 155, as amended) for the purchase by plain-
tiff of 3 lots, then and still vacant, located in Aurora
park subdivision in Greenfield township, Wayne
county, for $1,500, of which $300 was paid by plain-
tiff before the execution of the land contract and the
balance, $1,200, was to be paid in monthly instal-
ments of not less than $17.55 each, including interest
at the rate of 4% per annum, deductible out of each
payment. Paragraphs 12, 13 and 15 of the contract
are as follows:

"12. That this contract is made and executed pur-
suant to the provisions of PA 1937, No 155, as
amended, and is subject in all respects to the terms
and provisions thereof, and to any and all future
amendments thereof and to any legislation which
may hereafter be passed pertaining or relative to
this contract;

"13. That if default should be made by the pur-
chaser in any of the provisions of this contract the
purchaser shall forfeit all rights acquired hereunder

* See CL 1948, § 211.351 *et seq.* (Stat Ann 1950 Rev § 7.951 *et seq.*).
—REPORTER.

pursuant to the provisions of the last mentioned act, and shall thereupon also forfeit all sums paid hereon as stipulated damages for nonperformance hereof and shall thereupon be treated as a tenant holding over without permission. Notice of default, forfeiture and demand for possession are hereby expressly waived by the purchaser. All notices to the purchaser pertaining to this contract or to its forfeiture, or to any subsequent proceedings taken by the seller to obtain possession in the event of default may be served by the seller on the purchaser or his heirs, executors, administrators, assigns, successors and survivors, as the case may be, by depositing such notice in a United States post office, with postage prepaid thereon, addressed to the last address of the purchaser, as aforesaid, as the same shall appear upon the records in the office of the seller, which shall constitute good and sufficient notice and service thereof. * * *

"15. That time shall be deemed as of the very essence of this contract, and that an acceptance by the seller of payments or other obligations undertaken by the purchaser on any date after the same shall have become due or after the performance thereof shall have been required hereunder shall not constitute a waiver of the seller's right to insist upon strict performance of the terms, conditions and covenants hereof."

The first payment on this contract was made November 20, 1945; the next was $52.65, February 15, 1946; the next, $70.20, was made April 25, 1946; the next and last was $70.15, October 2, 1946. The total of payments made a reduction of the principal by the amount of $116.91 together with $23.49 interest, and the unpaid balance at the effective date of forfeiture, $1,034.60. Thus plaintiff was continuously delinquent after the end of the first month after the execution of the land contract.

According to defendant's records, defendant mailed a notice of intention to forfeit the land con-

tract to plaintiff, at his then correct address, on January 16, 1947. This notice plaintiff denied receiving.

Not receiving any payments subsequent to said notice, defendant on February 14, 1947, by registered mail, sent to plaintiff to his then correct address a notice of forfeiture, which plaintiff admits receiving on the same day, February 14, 1947. According to the terms of the land contract, the effective date of the forfeiture would be 30 days after February 14, 1947.

Plaintiff testified that on or about February 17, 1947, he visited the office of defendant in the Cadillac Square building in Detroit; that he went up to the counter and talked to the clerk; that somebody approached him and asked what he was there for; that he (plaintiff) told "them" what he wanted. Plaintiff testified, "He told me that I would receive another notice; that they were moving the land board from Detroit to Lansing." Plaintiff further testified that after that talk, he did not receive a notice. Upon this testimony, plaintiff predicates his claim that he was advised by defendant that he would receive another notice, and inferentially that in reliance on such assurance, plaintiff let the 30-day period elapse without making payments requisite to prevent the forfeiture becoming absolute. The trial court correctly ruled that the showing was insufficient.

Plaintiff claims that the forfeiture was not effective because of insufficiency of showing that he was previously served with a notice of intention to forfeit. Defendant's records show that such a notice was mailed plaintiff January 16, 1947, but plaintiff denies that he received it. Important (for the purposes of this decision) is the following section 8a of the statute in question (PA 1937, No 155, as added by PA 1941, No 363 [CL 1948, § 211.358a (Stat Ann 1950 Rev § 7.958 [1])]):

"Default having been made by a vendee in the terms of any land contract executed under this act for the sale of lands, the forfeiture of the rights of such vendee thereunder shall become effective 30 days after either service, upon said vendee, of a notice thereof or after mailing of notice thereof to said vendee by registered mail, return receipt requested, addressed to the last address of such vendee as shown by the records of the board or department having jurisdiction of the matter. *Possession of such lands shall be obtained forthwith in the method provided by law for the recovery of possession of lands held contrary to the conditions or covenants of an executory contract for the purchase thereof.* Such lands following the forfeiture of such contract shall be disposed of in the manner provided in section 6 or 8 of this act, as the case may be." (Italics supplied.)

Plaintiff italicizes and seems to count on the sentence as italicized by us in the above quotation, as requiring defendant to begin ouster proceedings before plaintiff can be dispossessed.

The statute governing the land contract in question does not require service of a notice of intention to forfeit. The mailing of such a notice was an act of courtesy on the part of defendant, a want of which would not prevent forfeiture.

Plaintiff admits that he received a notice of forfeiture on February 14, 1947. The question before us in the instant case is, whether it was competent for the legislature to enact the particular limitation of 30 days for redemption, in the class of contracts had in contemplation in the statute in question, and whether after the 30-day limit had passed without redemption, plaintiff had any remaining right of ownership or possession of the premises.

It is of some value in deciding the instant case to bear in mind what we said in *Crenshaw* v. *Granet,* 237 Mich 367, at page 369, even though the land con-

tract in the *Crenshaw Case* was not governed by the statute which governs the land contract in the instant case:

"Right to declare a forfeiture, in case of default in making payments, was a part of the land contract, and, upon default and declaration of forfeiture, the contract constituted plaintiff a mere tenant holding over without permission and gave defendants the immediate right of possession."

The statute does not either expressly or by any necessary implication give the vendee any right of redemption after the lapse of the 30-day period. Any equity of redemption in case of land contracts subject to the statute in question, is sufficiently provided for by the statute by the fixing of the 30-day period for redemption. The statute expressly recites that such forfeiture shall become effective after the 30-day period.

No valid reason has been presented in this case for holding that it was not competent for the legislature to fix a 30-day limitation for redemption in cases falling within section 8a of the statute in question, CL 1948, § 211.358a. We consider the 30-day limitation valid and effective. See *DeYoung* v. *State Land Office Board,* 316 Mich 61.

No proceeding to oust plaintiff was required after lapse of the 30-day period. Plaintiff was not in actual possession and had no right of redemption or of possession remaining after the 30 days.

The decree appealed from, dismissing the bill of complaint, is affirmed. Costs to defendant.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.