**In re Luis Carlos CORONADO, Gertrudis Garcia Coronado, Debtors.**

**Luis Carlos CORONADO, Gertrudis Garcia Coronado, Plaintiffs,**

**v.**

**BEACH FURNITURE AND APPLIANCE and Norman R. Freeman, Defendants.**

**Bankruptcy No. 80–0147.
Adv. No. 80–00615.**

United States Bankruptcy Court,
D. Arizona.

Feb. 5, 1981.

Walter F. Wood, Southern Arizona Legal Aid, Inc., Tucson, Ariz., for plaintiffs.

Norman R. Freeman, Tucson, Ariz., for defendant Beach Furniture and Appliance.

Gerard Anderson, Tucson, Ariz., for Norman R. Freeman.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Debtors' attorney brought an order to show cause against Beach Furniture and Appliance Company, Inc., and its attorney, Norman R. Freeman. Prior to the filing of the petition in bankruptcy on June 21, 1980, Beach had sold the Debtors certain household furnishings. In a related action the Debtors' attorney brought an action to annul the lien under Section 522(f) of the Bankruptcy Code. It was the Debtors' position that the unrecorded security agreement held by Beach was not a purchase money security agreement as two separate sales had been consolidated in the security agreement held by Beach. After hearing on the motion to annul the stay, this Court ruled that Beach did not hold a valid security agreement on the therein described household furnishings, whereupon the debt-

ors filed the order to show cause to hold Beach and its attorney in contempt.

The household furnishings were abandoned by the trustee on August 11, 1980. The testimony at the hearing on the order to show cause developed that Beach's attorney mistakenly believed that the abandonment of the property from the estate of the debtors removed such property from the jurisdiction of this Court and annulled any stay which restrained his client from taking possession of its collateral. Following the abandonment, Beach filed a replevin action in the Justice of the Peace Court for Pima County, Arizona, and on September 3, 1980, took possession of such furnishings.

■ The issue before the Court at this time is: does the abandonment of the collateral by the trustee on August 11, 1980, annul the automatic stay that arises under Section 362 of the Bankruptcy Code. This section is authority for the automatic stay which springs into operation upon the order of relief that arises upon the filing of a petition under Section 301 of the Code. The automatic stay in chapter proceedings under the Code is a new part of the bankruptcy law. Section 362(c) provides that the stay of an act against property of the estate continues until the property is no longer property of the estate and the case is closed, dismissed or the discharge is granted or denied. The legislative history set out in H.R.Rep.No.95–595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6299, states in part:

"Subsection (c) of section 362 specifies the duration of the automatic stay. Paragraph (1) terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment, or exemption. It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor."

Subsection 362(a)(5) states that no action shall be taken to:

. . . create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

The argument that a creditor cannot enforce a lien against the property of the debtor even when abandoned and the debtor has possession to the extent that a lien secures a prepetition claim is reinforced by an examination of the legislative history in H.R.Rep.No.95–595, 95th Cong., 1st Sess. 341 (1977).

Congress made it clear that a termination under Section 362(c)(1):

" . . . does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor."

This is because property in the hands of the debtor is independently protected by the provisions of Section 362(a)(5) which automatically stays a wide variety of actions against the debtor's property including judicial or private foreclosure.

It seems to be clear that the Beach attorney had knowledge of the position of the Debtors' attorney in this matter. Debtors' attorney stated that following the 341(a) meeting on August 11, 1980, he reviewed the security agreement under which Beach claimed its purchase money security interest. He further stated that about this time his secretary received a call from the Debtors stating agents of Beach Furniture were at the Debtors' home demanding possession of the furniture. Upon receipt of this news the Debtors' attorney talked to the Beach attorney and advised him that he did not believe the security interest of Beach was valid, that he was going to move to avoid the lien as not being a purchase money security interest, and that he had instructed his clients, the Debtors, not to permit Beach to take possession of the furniture. He was told by Beach's attorney, Mr. Freeman, that he would go to court and obtain a court order to take possession of the furniture, which he did. The sheriff took possession of the furniture on or about September 3, 1980, under a writ of replevin.

■ It is the generally accepted principal of law that if a person knowingly violates a court order, whether or not he received

formal notice of such order, such person is in contempt of court. The question is whether or not the automatic stay that springs into being under Section 362 of the Bankruptcy Code is such an order. The United States Court of Appeals of the Second Circuit on ruling on the automatic stay that arose under a Chapter XI proceedings of the Bankruptcy Act in effect prior to October 1, 1979, held that such stay was such an order for which a person could be held in contempt. See *Fidelity Mortgage Investors v. Camelia Builders*, 550 F.2d 47 (1976). See also *In re Abt*, 2 B.R. 323, 5 B.C.D. 1237 (E.D.Pa.1980).

■ It seems to be clear that Beach and its attorney acted knowingly and violated the automatic stay when it filed its action in replevin and caused the sheriff to take possession of the household furnishings under a writ of replevin on or about September 3, 1980. For the foregoing reasons, this Court believes Beach Furniture and Appliance Company, Inc., and Norman Freeman, are in contempt of this Court.

This Court, under Section 105(a) of the Bankruptcy Code, and 28 U.S.C. § 1481, has jurisdiction to find persons who knowingly violate a court order in contempt and to assess a penalty of some nature. At this time the Court is not going to assess a penalty, but on or about six (6) months from date of this Decision, this Court will consider the actions of Beach Furniture and Appliance Company, Inc. for such six-month period, and if they have not violated any automatic stay that arises in any matter before this Court, no penalty shall be assessed. However, if it comes to this Court's attention that there has been any such violation of this automatic stay that arises under any of the proceedings filed with this Court in the six-month period, this Court will assess a penalty in this matter as well as consider any such contemptuous action that arises.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law under Bankruptcy Rule of Procedure 752. Debtors' attorney is ORDERED to prepare and file an appropriate form of order within ten (10) days from date.