691 F.2d 390
 7 Collier Bankr.Cas.2d 683, 9 Bankr.Ct.Dec. 1086,
Bankr. L. Rep. P 68,882
 In the Matter of Maymie Clara CARTER, Debtor.
Maymie Clara CARTER, Appellee,
v.
Austin E. VAN BUSKIRK; Charles E. Beckner.
Jack Lewis, Appellant.
Gary Allen; Century Management, Inc.
 No. 82-1138.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1982.
Decided Oct. 20, 1982.
 
 Richard W. Shankland, Maurice B. Soltz, Kansas City, Mo., for appellee.
 Jack A. Lewis, North Kansas City, Mo., for appellant.
 Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this appeal, Jack Lewis, attorney for Century Management, Inc., seeks reversal of the district court's[1] order upholding an order of the bankruptcy court finding him in civil contempt and assessing compensatory damages and attorney's fees. The contempt determination was based upon Century's eviction of the plaintiff-debtor, which the court concluded was in violation of the bankruptcy court's restraining order supplementing the automatic stay provision of 11 U.S.C. § 362. We affirm.
 
 
 2
 In October of 1979, plaintiff-debtor Maymie Clara Carter filed a bankruptcy petition under Chapter 13; the petition was confirmed on December 4, 1979. Century Management, Carter's landlord, was not listed as a creditor on the bankruptcy schedules, apparently because Carter was not delinquent in her rent at the time the bankruptcy case was initiated.
 
 
 3
 Carter subsequently fell behind in her rent, and Century commenced an action in state court to recover payments due and for possession of the premises. Service was obtained through the posting of notices. See Mo.Rev.Stat. § 535.030 (1978). Carter testified she then contacted an agent of Century, and was told that if her rent were paid by March 6, 1980 it would be unnecessary for her to appear at the state court hearing. She further testified that the arrearage in rental payments was made up in late February. On March 6 Century nonetheless apparently obtained a default judgment against Carter for possession only.
 
 
 4
 In late March Century sent Carter a notice to vacate. On April 2 she was contacted by a deputy sheriff, who notified her that she would be required to vacate her apartment on the following morning. Upon notification by Carter of this development, her attorney obtained the restraining order from the bankruptcy court. Copies of this order, which was identical to the order issued with respect to the automatic stay, were mailed to Lewis and hand-delivered to the administrator of the state court which had issued the default judgment against Carter. Carter's attorney also telephoned Lewis that afternoon, but was unable to reach him. He again called Lewis the following morning, and informed him of the Chapter 13 proceeding, the automatic stay and the bankruptcy court's restraining order. Lewis admits that he received this telephone call. He did not contact the bankruptcy court to verify the existence of the bankruptcy case and restraining order, however. Instead, he only inquired of Century as to whether it had received notice of the matter, which it had not. Consequently, Lewis did not act to stop the eviction, and Carter, along with her possessions, was removed from the apartment.
 
 
 5
 Carter then initiated this action, requesting that Lewis and Century, along with two officials in the state court administrator's office, be adjudged in contempt. Following a hearing, the bankruptcy court concluded Lewis was in contempt, and assessed damages and attorney's fees in a total amount of $587.92 against him. Lewis's appeal to the district court, as noted, was unsuccessful. This appeal followed.
 
 
 6
 Lewis contends the automatic stay provision of 11 U.S.C. § 362, which forms the basis for his contempt citation, contravenes the due process clause of the fifth amendment in this case because he was not afforded notice of the stay at the time of its entry. He also challenges the procedure under which the restraining order was issued. We agree with the district court's conclusion that Lewis received actual notice of the restraining order, and we need not reach the constitutional or procedural questions raised.
 
 
 7
 The area in which the bankruptcy court was acting was one generally within its jurisdiction-matters concerning the bankruptcy estate and the automatic stay. Even assuming the bankruptcy court erred in entering the April restraining order, its action was not coram non judice. Lewis, if apprised of the existence of the order, was obligated to obey the order and cannot attack its validity collaterally. See Walker v. Birmingham, 388 U.S. 307, 313-14, 87 S.Ct. 1824, 1828, 18 L.Ed.2d 1210 (1967); United States v. United Mine Workers, 330 U.S. 258, 293-95, 67 S.Ct. 677, 695-97, 91 L.Ed. 884 (1947); Howat v. Kansas, 258 U.S. 181, 189-90, 42 S.Ct. 277, 280-81, 66 L.Ed. 555 (1922).
 
 
 8
 Our review of the record convinces us that the district court was correct in concluding Lewis had received actual notice of the bankruptcy court's restraining order and, as indicated, that rather than disregard that order, Lewis was obligated to contact the bankruptcy court to ascertain whether the order had in fact been entered and to obey it. See In re MacDonald, 6 B.R. 23 (Bkrtcy.N.D.Ohio 1980) (having been informed by debtor's counsel that filing of bankruptcy was imminent, creditor should have contacted bankruptcy court immediately before repossession of automobile to determine whether bankruptcy petition had indeed been filed). In these circumstances, we decline to disturb the district court's conclusion on this issue.
 
 
 9
 Lewis raises several additional arguments concerning the propriety of the contempt citation, the award of damages and the attorney's fees. We have carefully examined these contentions, and find them to be without merit. Accordingly, the order of the district court is affirmed, 16 B.R. 481.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri