Mabel H. **GILLAM** and Lola G. **Darragh,** Plaintiffs/Appellants,

v.

Richard A. **SAMUELS,** Defendant/Appellee.

Bankruptcy No. 83–00383–G.
Civ. No. 83–CV–0675.

United States District Court, E.D. Michigan, S.D.

July 29, 1983.

---

Mark D. Maironis, of Millar, Weinberg, Necker Johnson, Wagner & Clark, Wayne, Mich., for plaintiffs/appellants.

Imants M. Minka, of Carl G. Becker & Associates, P.C., Southfield, Mich., for defendant/appellee.

### MEMORANDUM AND ORDER OF DISMISSAL OF CIVIL CONTEMPT CITATION

COHN, District Judge.

This is the closing chapter in a long lasting and unsuccessful effort by appellee Richard A. Samuels (Samuels) to preserve his interest in a small industrial park he was purchasing on a land contract from plaintiffs Mabel H. Gillam and Lola G. Darragh (plaintiffs). Before the Court is an appeal from a finding of civil contempt by a bankruptcy judge on the grounds that plaintiffs interfered with a property right of Samuels in violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. The finding of contempt will be reversed for the reasons hereafter stated since Samuels had no rights in the property at the time plaintiffs took the actions complained of, having lost his property interest with expiration of the redemption period following a judgment of forfeiture of the land contract.

I.

A.

On May 1, 1979 Samuels and his wife signed the land contract. They subsequently defaulted by failing to make the monthly payments and pay the taxes on the property. On June 24, 1982, in a forfeiture action in state court plaintiffs obtained a judgment against Samuels and his wife which entitled them to possession on September 24, 1982 (ninety days after the judgment) unless the default was cured prior to that date. Under Michigan law if Samuels and his wife failed to turn over possession of the property on September 24 plaintiffs could have obtained a writ of restitution from the state court which would have commanded a court officer to remove Samuels and his wife from the property and put plaintiffs in possession. Since the Samuels only occupied part of the property and rented other portions to various tenants, the issuance of the writ of restitution would have also memorialized plaintiffs' right to demand that the tenants pay their rent to plaintiffs.

■ On September 23, Samuels, but not his wife, filed a Chapter 13 proceeding under the Bankruptcy Code. On September 27 plaintiffs filed an adversary proceeding for relief from the automatic stay provisions of 11 U.S.C. § 362, asking the Bankruptcy Court to lift the stay, if applicable, in accordance with 11 U.S.C. § 362(d)(1) and (2). On January 18, 1983 the automatic stay was lifted. On January 21 the Chapter 13 proceeding was dismissed. On January 25 a writ of restitution was issued by the state court. The writ commanded a court officer to remove Samuels and his wife from the property and to restore plaintiffs to peaceful possession of it. Under the law of Michigan the expiration of the ninety-day period in which to cure the default following the judgment of forfeiture effectively terminated Samuels' interest in the property. The writ of restitution is simply the legal means by which possession is returned to plaintiffs. *See* M.S.A. § 27A.5744(7) [M.C.L.A. § 600.5744(7)];

*See also: Nash v. State Land Office Board,* 333 Mich. 149, 52 N.W.2d 639 (1952); *Durda v. Chembar Development Corporation,* 95 Mich.App. 706, 291 N.W.2d 179 (1980); *Emmons v. Easter,* 62 Mich.App. 226, 233 N.W.2d 239 (1975); *Rothenberg v. Follman,* 19 Mich.App. 383, 172 N.W.2d 845 (1969).

### B.

On January 28, 1983 Samuels filed a Chapter 11 proceeding in the Bankruptcy Court. On January 31, 1983 plaintiffs filed an adversary proceeding for relief from the provision of 11 U.S.C. § 362 and asked the Bankruptcy Court to authorize the eviction of Samuels from the property. Their petition stated in part:

"8. That on January 25, 1983, a writ of restitution was issued by the 24th District Court terminating Debtor's interest in said land contract.

9. That the Debtor is in possession of the property which is the subject of the land contract.

10. WHEREFORE, Plaintiff prays that pursuant to 11 U.S.C. § 362, this Honorable Court enter an order terminating any stay of proceedings and/or finding that such stay of proceedings are not applicable to the Plaintiffs herein and thereby relieving your Plaintiffs from compliance with the courts order staying proceedings against the Debtor, RICHARD A. SAMUELS, and authorizing your Plaintiffs to remove the Debtor from the premises which is the subject of the land contract."

Plaintiffs also filed a motion for an expedited hearing.

### C.

On March 7, 1983 Samuels filed a motion to declare the writ of restitution void on the grounds it was wrongfully issued since among other things Fed.R.Civ.P. 62(a) provided for a ten-day stay following the order of January 18, 1983. At the same time Samuels filed a motion for civil and criminal contempt alleging that plaintiffs, by requesting that the tenants pay rent to plaintiffs, violated the automatic stay pro-

visions of 11 U.S.C. § 362 and were therefore in contempt.[1]

Defendants, in answer to the claim that the writ of restitution was void, said that the dismissal of the Chapter 13 proceeding for want of jurisdiction mooted any claim of a violation of orders issued in that proceeding and that Fed.R.Civ.P. 62(a) had no application. As to the contempt allegation, plaintiffs noted their answer to the allegations that the writ of restitution was void and also noted their willingness (expressed in the letters to the tenants) to put the rent into an escrow account abiding determination of their assertion that Samuels had no interest in the property. They stated that for several months Samuels had been collecting rent from the property and not accounting for it. Importantly, plaintiffs also stated that Samuels simply had no interest in the property following the issuance of the writ of restitution on January 25.

### D.

These matters came up for hearing in the Bankruptcy Court on March 28, 1983. The Bankruptcy Judge listened to oral argument and expressed no opinion on the pending motions.

On April 1, 1983 the Bankruptcy Judge filed a Memorandum Opinion And Order in which he found:

"1. In the hearing on the Motions *instanter,* Plaintiffs admitted on the record that acts were committed to force Defendant to pay rents to the Plaintiffs during the pendency of this case. These admitted acts against the Defendant debtor constitute a violation of 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3) and (a)(6). Plaintiffs are thus found liable in civil contempt and must therefore individually remit the sum of $250 to Defendant Debtor immediately, forthwith and without delay. Bankruptcy Rule of Procedure, Rule 920.

2. Defendant's Motion to declare Writ of Restitution Void and Motion for

---

1. There is nothing in the record showing plaintiffs did any more than this.

Rehearing are denied for the reason that the analysis of Michigan mortgage law in *In re James,* 20 B.R. 145 (Bkrtcy.E.D. Mich.1982) also applies to land contracts for the purchase and sale of real estate. Consequently, relief from the stay was properly granted in the Chapter 13 proceeding.

3. Defendant's Motion to Amend Conditions for Stay Pending Appeal is denied for the reasons that the conditions as they exist are appropriate to protect the creditors pending appeal and the Defendant has failed to show by clear and convincing evidence any onerous burden imposed by the conditions." [2]

### II.

### A.

■ 11 U.S.C. § 362 was not violated. Plaintiffs did not commence or pursue any judicial proceeding against Samuels. They did not seek to enforce any judgment against him. They did not seek to evict him from the property; the writ of restitution was never served. Nor did they seek to collect any money from him. Having the sole right to possession and ownership as a result of the state court proceeding plaintiffs only sought to have the rents from the tenants paid to them as was their right. The stay provisions of 11 U.S.C. § 362 are inapplicable since Samuels had no rights in the property. *In re Printing Department, Inc.,* 20 B.R. 677 (Bkrtcy.S.D.Ohio 1982). *See also: Matter of Mimi's of Atlanta, Inc.,* 5 B.R. 623 (Bkrtcy.N.D.Ga.1980) *aff'd* 11 B.R. 710 (N.D.Ga.1981).

### B.

■ "The drastic nature of contempt . . . dictates that it should be used only in 'clear and urgent instances' of effrontery to the power of the court.' " *In re Stacy,* 21 B.R. 49 (Bkrtcy.W.D.Va.1982). Samuels has cited no case where a party was found in

contempt for actions analogous to those of plaintiffs in this appeal. The Court has been unable to find any case remotely offering precedential support. Contempt has been normally reserved for situations where, with express or constructive notice of a bankruptcy proceeding, a party has acted directly and unequivocally against the debtor or his property. The most common cases in which civil contempt is ordered are where a creditor repossesses a vehicle of the debtor, *See, e.g., In re Miller,* 22 B.R. 479 (Bkrtcy.D.Md.1982); *In re Brooks,* 12 B.R. 283 (Bkrtcy.W.D.Mo.1981); where a creditor garnishes a debtor's wages, *See, e.g., Matter of Batla,* 12 B.R. 397 (Bkrtcy.N.D. Ga.1981); where a creditor files a replevin suit in state court against a debtor, *See, e.g., In re Coronado,* 11 B.R. 8 (D.Ariz.1981); *Matter of Bazan,* 6 B.R. 937 (N.D.Ill.1980); or where a creditor institutes an eviction proceeding against a debtor, *See e.g., Matter of Carter,* 691 F.2d 390, (8th Cir.1982); *See also, Matter of Gibbs,* 12 B.R. 737 (Bkrtcy.D.Conn.1982). On the record it is clear that plaintiffs acted in good faith to protect their interest in property owned by them.

### C.

The order of March 28, 1983 finding plaintiffs in civil contempt is REVERSED and these proceedings are DISMISSED.

SO ORDERED.

---

**2.** The Bankruptcy Judge did not explain the apparent inconsistency between paragraphs 1 and 2 of the order.