WINDMILL POINT LAND CO. *v.* STRICKLAND.

VENDOR AND PURCHASER—FORFEITURE—SPECIFIC PERFORMANCE—IN-CONSISTENT REMEDIES.

> Where vendor terminated land contract by valid declaration of forfeiture, as provided for therein, it could not thereafter seek inconsistent remedy of specific performance; and that vendee, previous to said declaration of forfeiture, attempted to rescind contract, has no effect upon legal rights of parties.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 22, 1933. (Docket No. 143, Calendar No. 37,125.) Decided June 29, 1933.

Bill by Windmill Point Land Company, a Michigan corporation, against Mary P. Strickland for specific performance of a land contract, and for an injunction. Bill dismissed. Plaintiff appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Lindley, Delaney & Worsham,* for defendant.

CLARK, J. We adopt opinion of trial judge.

"Bill by the Windmill Point Land Company, a corporation, against Mary P. Strickland, for specific performance of a land contract, in which plaintiff was the vendor and defendant the purchaser, of a lot in Windmill Point Subdivision, the purchase price being $13,500. Defendant first filed a motion to dismiss the bill of complaint, such motion being based upon several grounds, particularly the fact that plaintiff had served a notice of forfeiture of

the land contract because of default in payments, and that such forfeiture, ending the contract, had the effect of preventing plaintiff thereafter from seeking to specifically enforce the contract. This motion came on for hearing prior to the trial, before the undersigned, and oral argument was had thereòn. At that time the court denied the motion to dismiss, without prejudice. * * *

"Thereafter defendant filed a sworn answer. Upon the assignment of the cause for hearing upon the merits to the undersigned, defendant again renewed the motion above referred to. Written briefs were filed upon this motion, in which one question was discussed, viz., 'Did the service of the notice of forfeiture upon defendant by plaintiff have the effect of terminating the contract, so that plaintiff may not now seek specific performance of the contract in chancery?'

"For the purpose of this motion the following facts are agreed upon by the parties: Plaintiff sold the lot in question to defendant on June 30, 1923. The land contract contained the following clause: 'It is further agreed by the parties hereto that time is of the essence of this contract. * * * It (vendor) may declare this contract void and retain whatever may have been paid hereon, and also the buildings and improvements upon said premises, as stipulated damages for the nonperformance of this contract, in which case the right of the vendee to the possession of said premises shall cease, and the vendor may, with or without notice to the vendee, re-enter upon and take possession of said premises and remove therefrom the vendee and any person or persons claiming by, through, or under her.' On February 18, 1931, defendant being in default in payments due under the contract, plaintiff served a preliminary notice of forfeiture upon her. On February 28, 1931, defendant served upon plaintiff a notice of rescission of the land contract, upon the ground that plaintiff was unable to convey the

land described in the contract. At the same time defendant tendered a quitclaim deed to the plaintiff, which was refused. On March 3, 1931, plaintiff served upon defendant a notice of forfeiture of the land contract, because of failure to make payments due thereon. Subsequently, defendant herein instituted a suit at law against plaintiff in the circuit court for Wayne county to recover all sums paid by her to the Windmill Point Land Company on account of said land contract, with interest thereon, upon the theory that said contract had been validly rescinded for good cause, and that, accordingly, plaintiff was not entitled to retain the moneys paid upon the same. Thereafter plaintiff filed this bill in chancery for specific performance of the contract, and the court is called upon by the motion to dismiss to pass squarely upon the question as to the effect of the notice of forfeiture of March 3, 1931.

"In the case of *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448, it was held that the purpose and effect of a valid declaration of forfeiture of a land contract are to end the contract and discharge the vendor of the duty to convey and the vendee of duty to pay, and, consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price, nor may suit in equity for foreclosure and deficiency decree be maintained. The Supreme Court in that case very clearly set forth the effect of a valid declaration of forfeiture. Applying the principles laid down in that case to the facts conceded in the case at bar, it seems obvious that the plaintiff, having terminated the contract by notice of forfeiture, now may not seek to invoke the inconsistent remedy of specific performance of the same contract.

"Counsel for plaintiff concedes, of course, that the *Chicago Boulevard Land Company Case* sets forth the law of Michigan upon the subject, but insists that the case is distinguishable from our case, upon the ground that in the instant case, the action

of the defendant in seeking to rescind the contract nullified the action of the plaintiff in serving the notice of forfeiture. Upon the original hearing of the motion, which was had before the court had the benefit of briefs filed by the parties, and the opportunity of fully considering the facts of the case, the court declined to pass upon the merits of the question, stating that the attempt by the vendee to rescind the contract prior to forfeiture 'introduces a complication which did not exist in the *Chicago Boulevard Case,* and warrants a hearing of the case upon the merits, with a complete record being made, showing the various acts of the vendor and the vendee.' Now, when all the facts are before the court, and fully conceded by the parties, it seems to the court that the 'complication' referred to in the original opinion, presumably introduced because of the attempted rescission of the contract had no effect whatsoever upon the legal rights of the parties. It was after the attempted rescission that the plaintiff, with full knowledge of the facts, served a final and definite declaration of forfeiture of the contract. The purpose and effect of this declaration were to end the contract and to discharge the vendor of the duty to convey and the vendee of the duty to pay. The following apt statement of the law contained in 27 R. C. L. p. 666, is quoted in the *Chicago Boulevard Land Company Case,* on p. 450:

" 'If the vendor exercises his option to declare the contract at an end, he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of a cancellation of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent, and the exercise of the former terminates any further liability of the purchaser for the purchase money.'

"As pointed out in the *Chicago Boulevard Land Co. Case,* forfeiture may be waived. It is not conceded by defendant, nor held by the court, that attempted rescission by the vendee after declaration of forfeiture by the vendor, would have the effect of

waiver; but certainly it could not have such effect when preceding, in point of time, the notice of forfeiture.     *     *     *

"In the instant case an injunction was issued, preventing the purchaser, Mary P. Strickland, from proceeding with her action at law to recover back the payments made by her upon the contract. That injunction, of course, will be dissolved by the decree dismissing this bill of complaint. This court has not before it, and accordingly does not assume to pass upon, any questions raised by the case at law, with regard to the right of the purchaser to rescind the contract, or her right to collect payments previously made by her thereon. Those questions will be determined by the court hearing the law case."

Affirmed, with costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.