HAYES v KENT REAL ESTATE COMPANY

1. VENDOR AND PURCHASER—LAND CONTRACTS—FORFEITURE—ELECTION OF REMEDIES.

A valid notice of forfeiture of a land contract is a binding election to end the contract and discharge the vendor of the duty to convey and the vendee of duty to pay; consequently, after forfeiture, an action at law will not lie for recovery of any part of the purchase price.

2. VENDOR AND PURCHASER—LAND CONTRACTS—FORFEITURE—ELECTION OF REMEDIES—INCIDENTAL EXPENSES.

A valid notice of forfeiture of a land contract is an election of remedies precluding a judgment for any portion of the purchase price, but it does not preclude a money judgment for incidental damages in the same action against any defendant over whom the court has personal jurisdiction and for an amount which does not exceed the jurisdiction of the court (MCLA 600.5637).

Appeal from Kent, John T. Letts, J. Submitted Division 3 November 8, 1972, at Grand Rapids. (Docket No. 13411.) Decided December 6, 1972. Leave to appeal denied, 389 Mich 774.

Complaint in district court by Kenneth T. Hayes, executor of the estate of Lula W. Brotton, deceased, against Kent Real Estate Company, Arthur H. Sturgis, A. Applewhite, and others, to recover possession of land being sold on a land contract. Default judgment for plaintiff giving him possession. Plaintiff's motion in district court to set aside the default judgment and for a money judgment denied. Plaintiff appealed to circuit court.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur, Vendor and Purchaser § 635.
[2] 22 Am Jur 2d, Damages § 59.

Reversed. Defendants appeal. Reversed, and judgment of the district court affirmed.

*Hayes & Davis,* for plaintiff.

*Russell & Ward* (by *Jack E. Frost),* for defendants.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

DANHOF, J. This is a land contract dispute. On May 20, 1970 plaintiff, an attorney and executor of an estate which holds the vendor's interest in a land contract with defendants-vendees, served upon the defendants a form entitled "Notice of Intention to Declare Land Contract Forfeited and Demand for Payment". On June 1, 1970 plaintiff caused a document entitled "Complaint and Affidavit to Recover Land on a Land Contract", which only prayed for possession of the premises covered by the land contract, to be served upon the defendants. On June 23, 1970 plaintiff recovered a default judgment in the District Court for the 61st District. When the plaintiff learned that the judgment was not a money judgment he filed a motion in the district court to set aside the default judgment. The district court refused to set aside the judgment and the plaintiff appealed to the circuit court. The circuit court reversed the district court and the defendants have appealed on leave granted. We reverse the judgment of the circuit court and affirm the judgment of the district court.

It has long been settled that a valid notice of forfeiture terminates any right to bring an action on the contract. *Taylor v Parkview Memorial Association,* 317 Mich 164 (1947), *Windmill Point Land Co v Strickland,* 264 Mich 79 (1933). In

*Chicago Boulevard Land Co v Apartment Garages,*
245 Mich 448, 450 (1929), the Court tersely stated
the rules saying:

"The purpose and effect of a valid declaration of
forfeiture are to end the contract and discharge vendor
of the duty to convey and vendee of duty to pay.
Consequently, after forfeiture, action at law will not lie
for recovery of any part of the purchase price."

The plaintiff contends that MCLA 600.5637;
MSA 27A.5637 allows him to obtain a money
judgment even after notice of forfeiture. The rele-
vant portion of the statute reads:

"The plaintiff may allege in the complaint that de-
fendant is indebted to him for breach of the lease or
land contract or by reason of wrongful possession of the
premises for which possession is sought in the com-
plaint. A money judgment may be rendered in such
action against any defendant over whom the court has
personal jurisdiction. A defendant against whom a
claim is made may file a counterclaim against the
plaintiff by way of setoff or recoupment. *If the claim for
money or counterclaim exceeds the jurisdiction of the
court, the court shall hear the claim for possession but
shall dismiss the claim for money and counterclaim
without prejudice to subsequent action thereon."* (Em-
phasis added.)

We believe it would be a mistake to construe the
statute as allowing a money judgment in this
proceeding. In enacting the foregoing statute the
Legislature did not intend to allow the vendor of a
land contract to bring an action for possession or,
in the alternative, money damages, *i.e.,* the unpaid
portion of the purchase price. The statute is aimed
at an entirely different problem. Under MCLA
600.5667; MSA 27A.5667, the vendor has a right to
recover incidental damages. In the past the prob-

lem has been that he could not do so in the action he brought to recover possession, but was forced to do so in a separate action. The reason for enacting MCLA 600.5637; MSA 27A.5637 was to allow the award of incidental damages when they fell within the jurisdictional amount of the district court. The statute was not intended to allow recovery of a portion of the contract price after notice of forfeiture had been given. A valid notice of forfeiture is still a binding election of remedy.

The last sentence of the quoted portion of MCLA 600.5637; MSA 27A.5637 clearly indicates that the Legislature did not intend that the vendor be allowed to recover part of the purchase price in this action. For example, assume a case where the unpaid portion of the purchase price exceeds the jurisdictional amount. Under the interpretation urged on us by the plaintiff, the vendor could obtain possession in the district court and then obtain the purchase price in the circuit court. Obviously the Legislature intended no such result.

The judgment of the circuit court is reversed and the judgment of the district court is reinstated. Costs to the defendants.

All concurred.