# STATE OF MICHIGAN

# COURT OF APPEALS

GLENN R. SMITH and DEBRA A. SMITH,

Plaintiffs-Appellants,

v

WILLIAM T. IJAMES and JESSICA
TOWNSEND,

Defendants-Appellees.

UNPUBLISHED
November 24, 2015

No. 322698
Roscommon Circuit Court
LC No. 13-712406-CK

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

In this case to recover on a promissory note, plaintiffs appeal by right a circuit court order granting defendants' motion for summary disposition on grounds that plaintiffs' claim was barred by the election of remedies statute, MCL 600.5750, because plaintiffs previously commenced successful forfeiture proceedings on a related land contract. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On November 11, 2008, the parties entered into a land contract for the purchase of plaintiffs' residential property. Defendants agreed to make $1,500 monthly installment payments that included interest, taxes, and insurance for one year followed by a balloon payment for the entire purchase price due on December 11, 2009.

According to plaintiffs, defendants made the first ten monthly payments of $1,500 and then began missing payments and did not make the balloon payment on time. As a result, in November 2010, the parties amended the land contract twice, extending the balloon payment to May 11, 2012. In June 2011, plaintiffs agreed to reduce the monthly payment to $1,000, and defendants made the majority of those payments over the next twenty months while the balance continued to accrue unpaid interest.

On March 3, 2013, the parties executed a promissory note for $35,000. The note did not contain provisions indicating any new consideration that passed between the parties. However, the note referenced the previous land contract as follows:

-1-

If Maker fails to make any payment when it is due, or if Maker fails to perform Maker's obligations under the Security Agreement, then Maker shall be deemed in default on the Note.

After executing the promissory note, plaintiffs credited $35,000 to the balance on the land contract and maintained a separate ledger for the balance due on the promissory note.

Shortly thereafter, in May 2013, plaintiffs commenced a forfeiture proceeding in the district court pursuant to MCL 600.5726 of the Revised Judicature Act (RJA), MCL 600.101 et seq. Plaintiffs alleged that defendants forfeited their interest in the property due to nonpayment on the land contract and demanded possession of the premises or payment in full of over $220,000, which included principle, interest, taxes, insurance and costs.

In the forfeiture action, plaintiffs filed a motion for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense), asserting that the parties clearly understood that defendants agreed to fulfill their obligations under the land contract independent of any obligations under the promissory note. Plaintiffs argued that the underlying basis for the forfeiture action was defendants' failure to pay the balloon payment, taxes, and insurance under the land contract.

On August 26, 2013, the district court granted plaintiffs' motion for summary disposition in an order that stated:

> Plaintiff having filed a Motion to Strike and Motion for Summary Disposition, Notice of Hearing having been provided, argument of counsel having been heard and the Court having ruled on the record that the Promissory Note between the parties is a separate agreement from the land contract, that any money due on the Promissory Note is not money due on the land contract, and that due to the Defendants default on the land contract Plaintiffs have a right to possession of the property.

The district court ordered defendants to pay plaintiffs $228,452.43 within 90 days of the judgement of possession in order to retain possession of the property. Defendants did not make any payment and plaintiffs presumably reclaimed possession of the property.

Meanwhile on June 19, 2013, plaintiffs commenced this action to recover the entire amount due on the promissory note. Defendants admitted that they failed to make any payments on the note and had defaulted on it. However, defendants argued that the note was part and parcel to the land contract in that there was no new consideration exchanged. Therefore, because plaintiffs pursued forfeiture as their remedy, they were not entitled to additional recovery on the promissory note and plaintiffs' claim was barred by the election of remedies doctrine under MCL 600.5750.

Plaintiffs moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense) and MCR 2.116(C)(10) (no genuine issue of material fact) and to strike defendants' asserted defenses under MCR 2.115(B). Plaintiffs argued that the forfeiture proceedings had no bearing on their right to recover on the promissory note because there were two distinct contracts at issue. Plaintiffs argued that there was adequate consideration to enforce the promissory note

because it was a payment of past-due obligations under the land contract. Plaintiffs claimed that the $35,000 credit to the land contract relieved defendants of certain duties on that contract; therefore, there was adequate consideration.

The circuit court ultimately denied plaintiffs' motion for summary disposition and granted summary disposition in favor of defendants, holding that plaintiffs' claim was barred by MCL 600.5750. The circuit court essentially found that the promissory note and the land contract were not separate and distinct contracts. Therefore, because plaintiffs' elected forfeiture as their remedy, they could not seek additional relief under the promissory note. This appeal ensued.

## II. ANALYSIS

Plaintiffs contend that the circuit court erred in denying their motion for summary disposition and in entering summary disposition in favor of defendants.

We review de novo a circuit court's decision on a motion for summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Because it appears the circuit court considered evidence beyond the pleadings, we review the motion as having been granted under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Summary disposition is proper under MCR 2.116(C)(10) if, when the evidence is viewed in a light most favorable to the nonmoving party, "[e]xcept as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993) (citations and internal quotation marks omitted). To the extent that we must interpret and apply MCL 600.5750, our review is de novo. *Cuddington*, 298 Mich App at 270.

There are several remedies available to a property owner following breach of a land contract. As an alternative to foreclosure, the property owner may initiate summary forfeiture proceedings under MCL 600.5726 to recover possession of the premises. However, if the property owner elects to pursue forfeiture, he or she may not also seek a deficiency judgment. *Gruskin v Fisher*, 405 Mich 51, 58-59; 273 NW2d 893 (1979). Simply put, the property owner "must make a decision and, under the statute, is put to an election of remedies. He may accept possession or, if he wishes to obtain a deficiency judgment, abandon the summary proceedings in favor of foreclosure action." *Id.* at 64. This election of remedies doctrine is codified at MCL 600.5750, which provides in pertinent part:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, *except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract* at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. [Emphasis added.]

-3-

The election of remedies statute merges and bars claims for "money payments due or in arrears under the contract" when a vendor elects to pursue forfeiture of possession over a foreclosure action. MCL 600.5750. This is because the "purpose and effect of a valid declaration of forfeiture are to end the contract and discharge vendor of the duty to convey and vendee of duty to pay. Consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price." *Hayes v Kent Real Estate Co*, 44 Mich App 196, 197; 205 NW2d 52 (1972) (citation and internal quotation marks omitted).

Plaintiffs contend that the circuit court erred in holding that they were barred from recovering in this case because the promissory note and the land contract were two distinct agreements. This argument lacks merit.[1]

Review of the promissory note and the land contract clearly shows that both agreements were inextricably linked to the same land transaction. Specifically, shortly before commencing forfeiture proceedings plaintiffs attempted to transfer some of the arrears on the land contract to a promissory note. This was evidenced when, shortly after executing the note, plaintiffs credited $35,000 to the balance due on the land contract. Thus, the parties did not create two distinct contracts with separate obligations; rather, plaintiffs simply transferred debt from the land contract onto the note. See e.g. *McBride v Arends*, 79 Mich App 440, 443; 263 NW2d 5 (1977) (holding that the plaintiff could seek recovery on a promissory note following forfeiture proceedings on a land contract because the agreements were "separate and distinct contracts, one for the sale of real property, and one for the sale of personalty"). In contrast to *McBride*, in this case, the two agreements concerned the sale of the same property. The money due on the promissory note was arrears that were due on the land contract. There is no material difference between the two instruments. See e.g. *Michigan Nat'l Bank v Cote*, 451 Mich 180, 183-184; 546 NW2d 247 (1996) (holding that, following forfeiture proceedings on a land contract, the plaintiff was barred from seeking recovery of unpaid taxes that were due on the same land contract). Put simply, plaintiffs elected to pursue forfeiture proceedings as their remedy for defendants' breach of the land contract. Those proceedings "*bar any claim for money payments due or in arrears under the contract . . .*" and plaintiff's claim is therefore barred in this case. MCL 600.5750 (emphasis added); *Hayes*, 44 Mich App at 197.[2] Accordingly, the circuit court did not err in granting summary disposition in favor of defendants.[3]

---

[1] Contrary to plaintiffs' contention on appeal, the district court's conclusions in the forfeiture proceeding are not binding on this Court as law of the case. See *Ashker ex rel Estate of Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

[2] Plaintiffs' reliance on *Richard v 380 Fair Assoc, Inc*, unpublished per curiam opinion of the Court of Appeals, issued August 15, 2006 (Docket No. 268299), is misplaced. First, *Richard* is an unpublished decision and is not binding under the rule of stare decisis. MCR 7.215(C)(1). Second, *Richard* is inapposite. *Richard* involved a dispute over a liability that arose during the forfeiture proceeding itself as opposed to a dispute over arrears due prior to the forfeiture proceeding under the land contract. See *Mazur v Young*, 507 F3d 1013, 1019 (CA 6, 2007). In contrast, in this case, the disputed liability arose before the forfeiture proceeding, not during or

Affirmed. Defendants having prevailed, may tax costs. MCR 7.219(A).

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Jane M. Beckering

---

after the proceeding and the disputed amount involved arrears that were originally due under the land contract.

[3] Given our resolution of this issue, we need not address plaintiffs' second issue presented for review—i.e. whether defendants alleged a valid defense and whether plaintiffs were entitled to judgment as a matter of law.