LOZON v. McKAY.

1. SPECIFIC PERFORMANCE — VENDOR AND PURCHASER — LAND CONTRACT — FORFEITURE.

The vendee in a land contract which has been forfeited, unless relieved therefrom, has no right to specific performance.

2. EQUITY — LAND CONTRACT — FORFEITURE — RELIEF.

Equity will sometimes relieve against forfeiture, and, ordinarily when incurred by mere nonperformance of a pecuniary obligation at the day, when time is not of the essence of the contract, when performance by the defaulting party can be secured, and his general conduct has not been such as to render it unjust.

3. VENDOR AND PURCHASER — FORFEITURE — OUSTER AND ENTRY — LANDLORD AND TENANT.

As to whether ouster and entry can be effected by the vendor in a land contract making arrangements with the vendee's tenant to hold for him after forfeiture — quære.

4. SPECIFIC PERFORMANCE — FORFEITURE — TENDER — RELIEF FROM FORFEITURE.

On vendee's bill for specific performance after forfeiture, the money due ought to have been tendered before suit was begun, or, in any event, brought into court so that the court might be certain that the terms upon which relief from forfeiture was granted would be complied with.

5. SAME—AMENDMENTS—CONDITIONAL DECREE.

Treating the bill for specific performance after forfeiture as amended to ask for relief from forfeiture, the decree of the court below dismissing the bill will be modified, on appeal, upon condition that within 60 days the vendee pay the unpaid purchase price, with interest, taxes, and costs of both courts, the vendor being required to execute conveyance in accordance with the contract; otherwise decree of court below to stand.

Appeal from Ogemaw; Sharpe, J. Submitted April 16, 1918. (Docket No. 94.) Decided October 7, 1918.

Bill by Archie Lozon and another against James Mc-Kay for the specific performance of a land contract. Defendant filed a cross-bill to set aside the contract for default. From a decree for defendant, plaintiffs appeal. Modified, and conditional decree entered for plaintiffs.

*James B. Ross* and *C. W. Hitchcock,* for plaintiffs.

*William T. Yeo,* for defendant.

OSTRANDER, C. J. The contract, the subject-matter of this suit, had been forfeited, pursuant to its terms, after the admitted default of the vendees. The vendees, plaintiffs, ask the court to specifically enforce the contract. It is not true that defendant is asking equity to assist him in forfeiting the rights of plaintiffs. Forfeiture was accomplished before the bill was filed. Unless plaintiffs are relieved, defendant's right to the decree which was rendered is clear. *Pendill* v. *Mining Co.,* 64 Mich. 172.

Plaintiffs do not, in terms, ask the court to relieve them of the forfeiture, which of course must be done before any right based upon the contract can be enforced, and this fact and the attitude of plaintiffs must, I think, have affected the trial judge in concluding that plaintiffs cannot be relieved. In a short

opinion, returned with the case but not printed, the learned trial judge said:

"The question presented in this case is whether after defendant has served notice of forfeiture of plaintiffs' rights as a purchaser under a land contract for neglect to make payments as therein provided, this court has the power on a bill filed by plaintiffs for specific performance, to relieve plaintiffs from such forfeiture. * * * As I intimated at the hearing, if I could grant equitable relief to the plaintiffs, I would gladly do so but courts can but construe and then force (enforce?) the provisions of contracts as made. All the rights of plaintiffs have become forfeited at law."

Equity will sometimes relieve against forfeiture. It will do so, ordinarily, when it is incurred by the mere nonperformance of a pecuniary obligation at the day, when time is not of the essence of the contract, either made so by the nature of the subject-matter or by the express terms of the agreement, when performance by the defaulting party can be secured and when his general conduct has not been such as to render it unjust that he should be relieved.

The agreement here in question does not, in terms, make time essential, beyond the ordinary fixing of due days and requiring the plaintiffs to pay the taxes. The reasons for forfeiting stated in the notice are failure to pay taxes and to pay the installments called for by the terms of the contract. Only one installment of interest was paid, and that in November, 1914. The contract was made in April, 1914, and called for semi-annual payments of interest. Notice of forfeiture was given in July, 1916, at which time $200 of principal had been due for more than three months. Plaintiffs paid the taxes for 1914 and 1915, but have paid none since then. They have never tendered or offered to pay the sums called for by the contract. One plaintiff testified that arrangements have now

been made to borrow the money on the land to pay the contract debt.

While it is claimed that defendant, after forfeiture, made arrangement with plaintiffs' tenant to hold for him, and is tnerefore in possession of the land, so that forfeiture and entry thereafter were complete when the bill was filed, it is at least doubtful if ouster and entry can be in such manner effected.

It is apparently as uncertain now as it has been for years whether the plaintiffs can pay what is due to defendant. It ought to have been tendered before suit was begun, in which case it is likely that no suit would have been necessary. The money should, in any event, have been brought into court, so that the court might be certain that the terms upon which relief from forfeiture was granted would be complied with.

It is clear that a decree for specific performance can not be made. Treating the bill as amended so as to ask for relief from the forfeiture, and extending to their limits the rules governing the granting of relief in such cases, the decree below may be modified so as to relieve plaintiffs from the forfeiture upon condition that within 60 days after the entry of decree in this court they pay to defendant, or to the register of the circuit court for the county of Ogemaw, the unpaid purchase price of the land, with all arrearages of interest and any sum paid by defendant for taxes upon the land, with costs of both courts, upon which payment defendant shall execute and deliver a conveyance in accordance with the contract; in default of which payment defendant shall have the relief granted him in the court below, with costs of both courts.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J. BIRD, J., concurred in the result.