WELLING *v.* DAVE'S CUT RATE DRUGS, INC.

1. APPEAL AND ERROR—CLAIM OF APPEAL—SCOPE—INTERLOCUTORY ORDERS.

The scope of appeal to the Supreme Court from order granting, with prejudice, plaintiff's motion to dismiss defendant's cross bill to foreclose land contract of which plaintiff sought rescission is limited to the issue presented by the claim of appeal as filed, where there has been no attempt made to bring interlocutory orders before the Supreme Court.

2. WORDS AND PHRASES—WAIVER—RELINQUISHMENT NOT CONSERVATION OF RIGHT.

Waiver is a relinquishment, not a conservation of rights; it prevents, not permits, assumption of and choice between inconsistent positions.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 821.
[2] 56 Am Jur, Waiver § 2.
[3, 4] 55 Am Jur, Vendor and Purchaser § 625.
  Waiver of, or estoppel to assert, or election not to assert, forfeiture of executory land contract because of default in payment. 107 ALR 345.

3. ELECTION OF REMEDIES—VENDOR AND PURCHASER—FORECLOSURE—FORFEITURE.

    A vendor under a land contract may not forfeit the contract and bring summary proceedings and thereafter file bill to foreclose the contract.

4. VENDOR AND PURCHASER—FORFEITURE—FORECLOSURE—RESCISSION.

    Dismissal of vendor's cross bill to foreclose land contract theretofore forfeited and upon which summary proceedings had been commenced *held,* proper on vendor's appeal from order granting motion filed in vendee's suit for rescission of the contract and for accounting thereunder, since vendor's election of remedies precluded vendor thereafter from taking inconsistent positions with respect to the contract.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted January 10, 1961. (Docket No. 50, Calendar No. 48,715.) Decided February 28, 1961.

Bill by Mary D. Welling against Dave's Cut Rate Drugs, Inc., a Michigan corporation, and others to rescind land contract after defendants had declared forfeiture and had commenced summary proceedings to recover possession. Cross bill by defendants to foreclose land contract asking deficiency and interim receiver. Cross bill dismissed on motion. Defendants appeal. Affirmed.

*Dykema, Wheat, Spencer, Goodnow & Trigg,* for plaintiff.

*Thomas L. Poindexter* and *Meyer Weisenfeld,* for defendants.

CARR, J. In April, 1956, plaintiff entered into a land contract with defendants for the purchase of certain real estate in the city of Detroit. The property in question consisted of apartments, with perhaps some business places, located at or in proximity to the intersection of Charlotte street and Third street in said city. Plaintiff averred in her bill of

complaint that she was induced to enter into the contract by representations by defendants or their authorized agents to the effect that the premises were suitable for use for business and multiple apartment dwellings, and that she was specifically assured that the only defect was in a bathroom located in one of the apartments. Plaintiff's pleading further alleged that after the making of the agreement between the parties she learned that the department of buildings and safety engineering of the city of Detroit had given notice to defendants of various violations of the building code existing on said premises, and that she was notified from time to time of other defects that should be remedied.

Presumably because of the condition of the property that plaintiff was purchasing, she failed to make payments on the agreed purchase price of $75,000, with interest at the rate of 6% per annum. Under date of July 20, 1959, notice of forfeiture of the land contract was served on her, and shortly thereafter proceedings were commenced before a circuit court commissioner to recover possession of the premises. Thereupon plaintiff filed this suit in equity, setting forth in her pleading the averments above mentioned, praying for rescission of the contract, for an accounting and equitable relief generally, and also asking that an injunction issue against the prosecution of any proceeding by defendants for the forfeiture or foreclosure of the land contract. An order to show cause was issued by the court and subsequently the injunctive relief asked was granted, thus staying the further prosecution of the proceeding pending before the circuit court commissioner. Defendants, however, did not dismiss said action.

Answer to the bill of complaint was filed denying the right of plaintiff to the relief sought and averring certain affirmative defenses. Motion to dis-

miss was also filed by defendants and brought on for hearing. The parties are in dispute as to whether said motion was formally denied or was taken under advisement for future disposition. We do not find in the record an order of the court deciding it.

Defendants also filed a cross-bill, seeking to foreclose the land contract in equity, asking that the amount due be determined, that the real estate described in the contract be sold, and that they be granted a deficiency decree if the amount received on the sale was insufficient to permit payment in full of the obligation incurred by plaintiff. Motion to dismiss the cross bill was interposed in plaintiff's behalf on the ground that having declared a forfeiture of the contract the vendors could not thereafter treat it as still in force and effect for purposes of a foreclosure suit. Motion to dismiss was granted, with prejudice. On behalf of defendants claim of appeal was filed under date of April 11, 1960, referring specifically and solely to the order dismissing defendants' cross bill.

Counsel for appellants have argued in this Court that the order dismissing the cross bill was improperly entered and should be set aside, and further contend that plaintiff's bill of complaint should have been dismissed, and that the trial court was in error in entering certain orders involving the management of the property during the pendency of the suit. It is argued in substance that the appeal taken brings before this Court all questions in controversy in the trial court. With such claim we cannot agree. Defendants appealed from the order entered dismissing their cross bill on the theory that it was a final order. The fact that it was declared to be "with prejudice" indicates that it was so intended by the circuit judge. However, there has been no attempt to bring interlocutory orders be-

fore this Court in the usual manner, nor has there been filed any claim of appeal from any interlocutory order. We do not have, in consequence, a situation of the character presented in *Steggles* v. *National Discount Corporation,* 326 Mich 44 (15 ALR2d 208), to which counsel have called attention. Our inquiry is limited to the issue presented by the claim of appeal as filed. The order therein referred to was obviously intended as a denial of defendants' asserted right to maintain an action on the land contract after declaring the forfeiture and instituting a possessory action.

This Court has recognized that under some circumstances a vendee under a land contract may rely on a claim that notice of forfeiture given by the vendor has been waived by subsequent conduct on the part of the vendor. Such was the situation in *Old Second National Bank of Bay City* v. *Alpena County Savings Bank,* 115 Mich 548. Defendant vendor there, after declaring the forfeiture of a land contract, sought to institute a suit for foreclosure. Thereupon the owner of the vendees' interest under the land contract brought suit for specific performance. It was held that under the circumstances the vendor had waived the notice of foreclosure and could not rely thereon to defend the vendees' cause of action.

A somewhat analogous situation existed in *Krell* v. *Cohen,* 214 Mich 590. There the vendors under a land contract attempted a forfeiture thereof notwithstanding the fact that the tax on such contract had not been paid. It further appeared in the case that after the service of the notice of forfeiture certain payments on the obligation involved were tendered and accepted. Notwithstanding such acts, however, the vendors undertook to recover possession of the property by an action in ejectment. Defendant vendees claimed that the forfeiture had been

waived by the acceptance of payments and other conduct amounting to a recognition that the contract was still in force and effect. This Court upheld the defense, concluding that the vendors by their conduct had waived their right, as against the vendees, to rely on the notice of forfeiture.

In the case at bar the vendee under the land contract is not making the claim of waiver of forfeiture. Rather, it is the vendors who in effect insist that they may disregard their prior act in declaring the rights of the parties under the contract terminated, and who seek to follow the alternative procedure that they might have invoked in the first instance of foreclosing the land contract in equity. The cases above cited have no application under the facts here involved. In *Chicago Boulevard Land Co.* v. *Apartment Garages*, 245 Mich 448, *Old Second National Bank of Bay City* v. *Alpena County Savings Bank, supra,* and *Krell* v. *Cohen, supra,* were referred to, and it was pointed out that it was the vendees who were claiming in the prior decisions that the vendors had waived the forfeiture. The Court then said (p 451):

"Here the positions of the parties are reversed. Vendee claims the forfeiture as continuing and vendor asserts it was waived and the contract reinstated by commencement of this action. Waiver is a relinquishment, not a conservation of rights. It prevents, not permits, assumption of and choice between inconsistent positions. It would be a novel and unjustifiable extension of the doctrine of waiver to permit a vendor to forfeit a land contract, discharge the obligations of both himself and the vendee, and, at a future time when the exigencies might work in his favor thereby, reinstate the contract and its liabilities by his own act, without the consent or acquiescence of the vendee.

"A court of equity will sometimes relieve a vendee against forfeiture where his default has been merely

in the payment of money and his general conduct has not been such as to render it unjust that he should be relieved. *Lozon* v. *McKay,* 203 Mich 364. Defendant does not ask reinstatement of the contract nor offer to redeem. The forfeiture is effective."

The above decision was referred to and followed in *Balesh* v. *Alcott,* 257 Mich 352. The notice of forfeiture was expressly waived by the contract and the vendor brought a proceeding before a circuit court commissioner to recover the premises on the ground that the assignee of the vendees had failed to make payments as required. Subsequently the vendor filed a bill for the purpose of foreclosing the land contract and recovering a deficiency judgment. The defendants appealed from a decree entered in plaintiff's favor. In discussing the situation and reversing the decree this Court said (p 354):

"Plaintiff had an election of remedies at the time the default occurred on the part of the assignee of the vendees. She could declare the contract forfeited and begin summary proceedings under the statute above mentioned, or she could file a bill for the foreclosure of the contract. The one would proceed upon the theory the contract was at an end; the other upon the theory the contract was in force. She could not do both. She could not elect to declare the contract forfeited, and declare the same to be in force. She could not in one proceeding take the position it was void, and in another proceeding it was valid. She could not declare the contract out of existence in one lawsuit and in existence in another."

Among the cases recognizing the general rule as declared in the above decisions are: *Trombley* v. *Koestlin,* 266 Mich 357; and *Taylor* v. *Parkview Memorial Association,* 317 Mich 164 (171 ALR 507).

The order of the trial court from which this appeal has been taken is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.