DURDA v CHEMBAR DEVELOPMENT CORPORATION

Docket No. 78-4375. Submitted November 7, 1979, at Grand Rapids.— Decided March 4, 1980. Leave to appeal applied for.

On February 14, 1971, Matthew Durda, Sr., and Patricia Durda sold certain real estate to Chembar Development Corporation on a land contract. Chembar took possession of the premises on the date of the contract. Subsequently Chembar failed to make the installment payments and, in accord with a specific contract provision, was served on December 20, 1972, with a written notice of a forfeiture providing 15 days for remedy of the default. The default was not cured within the 15-day period and on January 4, 1973, the Durdas instituted summary proceedings in district court for possession. A judgment for possession was entered on February 3, 1973, and a writ of restitution was eventually issued on June 5, 1973. On June 8, 1973, the Durdas brought an action against Chembar in district court for the reasonable rental value of the premises arising out of the defendant's continued occupancy from January 4, 1973, the date the time for cure had expired, to June 5, 1973, the date the writ of restitution was issued. Judgment was entered for the plaintiffs. On appeal, Muskegon Circuit Court, Fredrick A. Grimm, J., affirmed the district court judgment. The defendant now appeals to the Court of Appeals, by leave granted. The issue on appeal is whether the land contract vendor may recover the reasonable rental value of the premises for the redemption period (the date of forfeiture until the issuance of the writ of restitution). *Held:*

1. The vendor has the right to possession immediately upon forfeiture, although this right can only be enforced after the writ of restitution is issued and cannot be enforced at all if the vendee prevents the writ from issuing by timely payment of the redemption price. In the instant case, the defendants became tenants by sufferance by having remained in possession beyond

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 77 Am Jur 2d, Vendor and Purchaser §§ 409, 580.

[3] 77 Am Jur 2d, Vendor and Purchaser §§ 404, 409, 580.

[4] 77 Am Jur 2d, Vendor and Purchaser §§ 474, 478.

[5] 77 Am Jur 2d, Vendor and Purchaser § 573.

the 15-day period within which to cure and having failed to redeem. As such, they became liable under common law for the reasonable rental value of the property.

2. Allowing the plaintiffs to recover the property and the reasonable rental value for the time the defendant remained in possession is neither an inconsistent remedy nor a double recovery for the plaintiffs.

Affirmed.

1. VENDOR AND PURCHASER — LAND CONTRACTS — DEFAULT — NOTICE OF FORFEITURE — REDEMPTION — STATUTES.

A land contract vendee who has defaulted on a land contract must, within 15 days after service of a notice of forfeiture, either pay what is owed under the contract or deliver possession of the premises (MCL 600.5728[1]; MSA 27A.5728[1]).

2. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — VENDOR'S RIGHT TO POSSESSION — WRIT OF RESTITUTION — REDEMPTION — STATUTES.

A land contract vendor has the right to possession of the premises immediately upon forfeiture by the land contract vendee (either 15 days after the vendee has been served with a notice of forfeiture as provided by statute or a later time if the contract so states); however, this right can only be enforced after a writ of restitution has issued and cannot be enforced at all if the vendee prevents the writ from issuing by timely payment of the redemption price (MCL 600.5728[1], 600.5741, 600.5744[1]; MSA 27A.5728[1], 27A.5741, 27A.5744[1]).

3. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — WRIT OF RESTITUTION — DEFICIENCY JUDGMENT — STATUTES.

Once a land contract vendor has elected the remedy of forfeiture in response to the land contract vendee's default and has proceeded to the point of issuance of a writ of restitution, the vendor cannot recover a deficiency judgment for money due under the contract (MCL 600.5750; MSA 27A.5750).

4. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — INCIDENTAL DAMAGES.

A land contract vendor has a right to recover, from a land contract vendee who has defaulted, damages incidental to the forfeiture proceeding.

5. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — REASONABLE RENTAL VALUE.

A defaulting land contract vendee is liable for the reasonable

rental value of the property from the date the period for cure expired until he vacates the property; the vendor's recovery of the property and the reasonable rental value where the vendee remains in possession and does not redeem is neither inconsistent nor a double recovery to the vendor.

*White, Spaniola, Knudsen, Stariha & Potuznik, P.C.* (by *Darrel G. Brown),* for plaintiff.

*Alphonse Lewis, Jr.,* for defendant.

Before: V. J. BRENNAN, P.J., and BEASLEY and G. E. BOWLES,* JJ.

V. J. BRENNAN, P.J. The defendant appeals a judgment of the district court awarding plaintiffs, land contract vendors, reasonable rental value of the premises sold to defendant during the period of redemption.

On February 14, 1971, the parties entered into a land contract for the sale of certain real estate. Defendant entered into possession of the premises on the date of the contract. Subsequently, defendant failed to make the installment payments and, in accord with a specific contract provision, was served on December 20, 1972, with a written notice of forfeiture providing 15 days to remedy the default.[1] The default was not cured within the 15-day period and on January 4, 1973, plaintiffs instituted summary proceedings for possession in district court. A judgment for possession was entered on February 3, 1973, and a writ of restitution was eventually issued on June 5, 1973.

On June 8, 1973, pursuant to MCL 554.131 *et*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Although the circuit court found that the parties' concise statement of fact indicates that the notice was served on December 20, 1972, the notice itself reflects that it was served on December 28, 1972.

*seq.;* MSA 26.1101 *et seq.,* plaintiffs instituted the instant action for the reasonable rental value of the premises arising out of defendant's continued occupancy from January 4, 1973, the date the time for cure expired, to June 5, 1973, the date the writ of restitution was issued. On March 13, 1975, the district court entered a judgment in favor of plaintiffs for $10,000. Upon appeal, the circuit court affirmed. We follow suit.

The issue whether a land contract vendor may recover the reasonable rental value of the premises during the redemption period (the date of forfeiture until issuance of the writ of restitution) presents a question of first impression under the current summary proceedings statute, MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.* It is undisputed that defendant in the present case defaulted on the land contract, plaintiffs sent notice of forfeiture and properly instituted summary proceedings, and defendant remained in possession until the writ of restitution was issued.

Analogizing land contracts to mortgages, defendant argues that possession during the redemption period was not wrongful, *Meyers v Ermolik,* 301 Mich 284, 291; 3 NW2d 276 (1942), and thus plaintiff is not owed reasonable rent.

Plaintiffs assert, however, that the vendee's right to possession terminated at the time of forfeiture. *Spaulding v Wyckoff,* 320 Mich 329; 31 NW2d 71 (1948), *John v McNeal,* 167 Mich 148; 132 NW 508 (1911), *Lafrance v Griffin,* 160 Mich 236; 125 NW 34 (1910), *McWilliams v Urban American Land Development Co,* 37 Mich App 587; 194 NW2d 920 (1972), *Rothenberg v Follman,* 19 Mich App 383; 172 NW2d 845 (1969).

Notwithstanding the significant differences between a land contract vendee and a mortgagor

addressed by Judge LEVIN in *Rothenberg, supra,* at 387, we note that the cases cited by both parties were decided before enactment of the present summary proceedings statute, MCL 600.5701, *et seq.;* MSA 27A.5701, *et seq.,* and do not refer to the statutory right to redemption. Thus they do not aid in deciding the present case.

The threshold question, therefore, is at what point does the summary proceedings statute give the vendor the right to possession. Section 5726 states in part:

"A person entitled to any premises may recover possession thereof by a proceeding under this chapter *after* forfeiture of an executory contract for the purchase of the premises * * *." (Emphasis added.)

This language indicates that the right to possession shifts to the vendor sometime after forfeiture, and not on the date of forfeiture.

Section 5728(1) provides:

"Possession may be recovered under section 5726 only after the vendee or person holding possession under him has been served with a written notice of forfeiture and has failed in the required time to pay moneys required to be paid under the contract or to cure any other material breach of the contract. Unless the parties have agreed in writing to a longer time, *the person served with a notice of forfeiture shall have 15 days thereafter before he is required to pay* moneys required to be paid under the contract and cure other material breaches of the contract *or to deliver possession of the premises."* (Emphasis added.)

The meaning of the statute is clear: within 15 days after service of notice of forfeiture, the vendee must either pay what is owed under the contract or deliver possession of the premises.

Since the parties' agreement did not provide for a longer period, possession of the property was due on January 4, 1973.

Section 5728(1), however must be read in context with § 5741 which provides in pertinent part:

"If the jury or the judge finds that the plaintiff is entitled to possession of the premises, or any part thereof, judgment may be entered in accordance with the finding and may be enforced by a writ of restitution as provided in this chapter. If it is found that the plaintiff is entitled to possession of the premises, in consequence of the nonpayment of any money due under a tenancy, or the nonpayment of moneys required to be paid under an executory contract for purchase of the premises, the jury or judge making the finding shall determine the amount due or in arrears at the time of trial which amount shall be stated in the judgment for possession."

And § 5744(1) which states:

"Subject to the time restrictions of this section, the court entering a judgment for possession shall issue a writ commanding the sheriff, or any other officer authorized to serve the process, to cause the plaintiff to be restored and put in full possession of the premises."

When read together the logical construction of these provisions is that although the vendor has the right to possession immediately upon forfeiture (either the 15 days provided by statute or a later time if the contract so states), this right can only be enforced after the writ of restitution is issued, and not at all if the vendee prevents the writ from issuing by timely paying the redemption price.

We do not read the recent case of *Gruskin v Fisher,* 405 Mich 51; 273 NW2d 893 (1979), so

broadly as to conflict with the results we achieve here. *Gruskin* addressed the question of whether a land contract vendor who sends notices of intent to forfeit and of forfeiture has made an irrevocable election requiring him to accept possession of the property when tendered by the purchaser in lieu of money damages for breach of contract. Finding no such irrevocable election on the part of the vendor, the Court went on to discuss the purpose of the modern statutorily required notice as serving as warning that "the seller is about to do something unless the deficiency is cured". 405 Mich at 65.

"The purchaser is protected. The seller cannot evict merely because he sent notice of forfeiture. The seller must, rather, send the notice as a condition precedent to commencement of summary proceedings. If summary proceedings are commenced, the purchaser may still cure the default at any time during the proceedings * * *." 405 Mich at 65-66.

This dicta does not change the statutory point in time at which the right to possession matures. Rather it delineates the point at which the remedy of eviction can be exercised. Where the remedy sought is reasonable rent, the statutory language of § 5728(1) governs, and this right accrues 15 days after the vendee has been served with a notice of forfeiture, or later if provided in the parties' agreement.

Defendant next argues that regardless of when plaintiffs' right to possession arose, the summary proceedings statute explicitly precludes the vendor's claim for reasonable rental value during the period of redemption. We do not agree.

It is clear that once the vendor has elected the remedy of forfeiture and proceeded to the point of

issuance of a writ of restitution, he cannot recover a deficiency judgment for money due *under the contract.* MCL 600.5750; MSA 27A.5750, *Balesh v Alcott,* 257 Mich 352, 354; 241 NW 216 (1932). However, in the present case, plaintiffs are not seeking to recover under the contract but rather are seeking to recover damages for defendant's continued occupancy between notice of forfeiture and issuance of the writ of restitution.

In *Hayes v Kent Real Estate Co,* 44 Mich App 196, 198; 205 NW2d 52 (1972), we stated that under the now repealed MCL 600.5667; MSA 27A.5667 a vendor had a right to recover damages "incidental" to the forfeiture proceeding. The new summary proceedings statute does not change this policy. Section 5750 provides:

"The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. *The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time* of forcible entry or detainer, or trespass, *or of the notice of forfeiture,* notice to quit or demand for possession, as the case may be." (Emphasis added.)

And § 5739 states that a party to summary proceedings "may join claims and counterclaims

for money judgment for damages attributable to wrongful entry, detainer or possession, for breach of the lease or contract under which the premises were held".

Although the statute provides for money damages incidental to forfeiture, it does not specifically authorize the recovery of reasonable rental value. Such a remedy is not without precedent in this state. *Sanders v Detlaff,* 218 Mich 471; 188 NW 446 (1922). Having remained in possession beyond the 15-day period within which to cure and having failed to redeem, defendants became tenants by sufferance. As such, they became liable under common law for the reasonable rental value of the property. See *Dwight v Cutler,* 3 Mich 566 (1855), *Hogsett v Ellis,* 17 Mich 351 (1868). We do not read the summary proceedings statute as changing this result under the factual circumstances of the instant case.

Recovery of inconsistent remedies is barred. *Gruskin v Fisher, supra.* A claim for money due, or in arrears under the contract, and repossession of the property, or reasonable rental value plus money due or in arrears under the contract would be clearly barred as inconsistent. But recovery of the property and reasonable rental value where the vendee remains in possession and does not redeem is neither inconsistent nor a double recovery to the vendor. To find otherwise would allow the vendee to remain rent free for an extended period of time while correspondingly denying the vendor either the use of, or the income from, his property. Such a result would unjustly enrich the vendee.

Plaintiffs' request for reasonable rental value during the statutory period of redemption is not precluded by the summary proceedings statute.

Since the basis of this recovery is defendant's continued occupancy in contravention of plaintiffs' right to possession, the period for which rent is owed corresponds to this period of possession. Thus, we hold that where a defaulting land contract vendee remains in possession of the property and does not redeem he is liable for the reasonable rental value from the date the period for cure expired until he vacates the property.

In the instant case, the clock started to run on defendant on January 4, 1973. The record is unclear, however, as to the actual date defendant left the premises. We, therefore, remand to the trial court for a determination of this date and for the granting of relief consistent with this opinion.

Affirmed, and remanded.