AMES v MAXSON

Docket No. 89812. Submitted August 13, 1986, at Lansing. Decided January 5, 1987.

Lyle and Reba Ames sold their dairy farm to Robert and Christina Emens by land contract. The Emenses subsequently assigned their interest in the farm to Dell Maxson and Henry Merkel, with the Ameses' consent. Dell Maxson and his wife, Virginia, and Henry Merkel and his wife, Mary B., sold the real estate to some people named Borer, without the consent of the Ameses. The Borers then sold part of the property and mortgaged the remainder, all without the consent of the Ameses. The Ameses served a forfeiture notice on the Maxsons and Merkels and filed a complaint for land contract forfeiture against those parties in district court. A judgment of forfeiture was granted. In the meantime, the Borers filed for bankruptcy and the district court forfeiture action was stayed. The Ameses effected a release of the stay by paying $2,000 to the Borers' mortgagee for its interest in the property. A writ of restitution was then entered by the district court. Lyle and Reba Ames then filed suit against the Maxsons and Merkels in Hillsdale Circuit Court seeking damages for alleged waste committed by the defendants, unpaid taxes, lost interest, and the $2,000 payment to the Borers' mortgagee, as well as other relief. The court, Harvey W. Moes, J., held that plaintiffs could not proceed in two different courts, and that, having made an election of remedies by proceeding with summary land contract forfeiture and not having proceeded on all allowable incidental damage claims in that action, plaintiffs were barred from maintaining their circuit court action. Summary disposition was granted in favor of defendants. Plaintiffs appealed.

The Court of Appeals held:

1. Plaintiffs should not be required to forego summary proceedings in district court for possession and be forced to elect the foreclosure remedy over which the circuit court has jurisdiction simply because they have suffered damages in excess of

REFERENCES

Am Jur 2d, Courts §§ 154 et seq.
See the annotations in the Index to Annotations under Damages.

$10,000, the district court jurisdictional limit. Plaintiffs may proceed in circuit court on additional claims cognizable there.

2. Plaintiffs are entitled to recover damages incidental to the forfeiture proceeding, including taxes not paid by defendants.

3. After regaining possession, the end sought by forfeiture, plaintiffs may still seek damages for waste.

4. The issue of whether Virginia Maxson and Mary B. Merkel, who were not named in the assignment of interest by the Emenses, are liable was not addressed by the circuit court. On remand, that issue may be decided.

Reversed and remanded for further proceedings.

VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — DAMAGES — COURTS — JURISDICTION.

Claims for damages other than those which become due under the contract may be joined with a land contract forfeiture action in district court so long as the damages sought do not exceed the $10,000 jurisdictional limit of the district court; where the damages sought are in excess of $10,000, the damages claims must be brought in circuit court even though the forfeiture action remains in the district court (MCL 600.5704, 600.5726, 600.5739, 600.5750, 600.8301; MSA 27A.5704, 27A.5726, 27A.5739, 27A.5750, 27A.8301).

*Stein, Moran & Westerman* (by *Michael C. Moran*), for plaintiffs.

*Parker & Hayes, P.C.* (by *James B. Parker*), for defendants.

Before: DANHOF, C.J., and SHEPHERD and D. L. HOBSON,* JJ.

SHEPHERD, J. Plaintiffs appeal from an order granting summary disposition in favor of defendants, apparently under either MCR 2.116(C)(7) or (10). We reverse.

The following facts may be gleaned from the pleadings and affidavits. Plaintiffs were the owners of a dairy farm. On February 26, 1974, they sold

* Recorder's court judge, sitting on the Court of Appeals by assignment.

the farm to Robert and Christina Emens by land
contract for $310,000. The purchasers assigned
their interest in the farm to defendants Dell Max-
son and Henry Merkel. This was done with plain-
tiffs' consent. Plaintiffs alleged that on December
1, 1979, all four defendants, including defendant
wives who were not named in the assignment, sold
the real estate to LeRoy Borer, Mary Borer, David
Borer, and Mary A. Borer, for $385,000. This was
done without plaintiffs' consent.

The Borers sold a portion of the property to
Shirley and Gregory Rozelle on May 15, 1980. At
some time prior to March 25, 1985, they also
mortgaged the property with the National Bank of
Detroit. Both actions were without plaintiffs' con-
sent. Plaintiffs apparently served a forfeiture no-
tice on defendants sometime in May, 1984, and
filed a complaint for land contract forfeiture in
district court around August 8, 1984. Defendants
suggest that a series of aborted forfeiture actions
were attempted. Plaintiffs received a judgment of
forfeiture on August 21, 1984. During these pro-
ceedings, LeRoy and Mary Borer filed for bank-
ruptcy, and the district court forfeiture action was
stayed. Plaintiffs effected a release of the stay by
paying $2,000 to NBD for the bank's interest in the
property. After release of the stay, a writ of resti-
tution was entered on April 5 1985.

Plaintiffs commenced the instant action on May
9, 1985. In their complaint, plaintiffs alleged that
they had to pay approximately $33,000 in property
taxes which defendants had not paid as required
by the land contract. They further alleged that
they had been forced to pay a higher rate of
interest on various other obligations which plain-
tiffs could have paid in full had defendants com-
plied with the terms of the land contract. Plaintiffs
alleged that defendants committed "great waste"

on the property, specifically that the main dwelling house, numerous farm buildings, farm equipment and other personal property had been "physically damaged and/or neglected or destroyed," thus permanently impairing the value of the property. Plaintiffs sought actual damages including physical waste, unpaid taxes, lost interest, and the $2,000 payment to NBD, as well as other relief to which they claimed to be entitled.

Defendants brought two motions for summary disposition on November 12, 1985. The first, on behalf of defendants Virginia Maxson and Mary Merkel, alleged that summary disposition was proper because of lack of jurisdiction over those defendants, in that they had no interest in the property through the assignment, or any subsequent involvement with the property. These defendants also stated that any claim against them was barred by the prior district court judgment, which was res judicata. The second motion was on behalf of defendants Henry Merkel and Dell Maxson and alleged that the claim was barred by the prior judgment or election of remedies and further alleged that plaintiffs had failed to state a claim upon which relief could be granted. Copies of the district court documents and the land contract documents were attached to these motions. The only affidavits attached to the motions were those of defendants' attorney.

A hearing was held on December 2 and 16, 1985. The trial court, reading MCL 600.5739 and 600.5750; MSA 27A.5739 and 27A.5750 together and relying on *Gruskin v Fisher*, 405 Mich 51; 273 NW2d 893 (1979), determined that plaintiffs could not proceed in two different courts. Having made an election of remedies by proceeding with summary land contract forfeiture and not having proceeded on all allowable incidental damage claims

in that action, plaintiffs were barred from maintaining the instant action. Having so held, the circuit court did not reach the issue of whether any action could be maintained against defendant wives. An order consistent with those findings was entered.

To resolve the issue raised, several provisions of the act allowing summary proceedings to recover possession of real property must be examined. Jurisdiction over such summary proceedings is vested in the district courts, MCL 600.5704; MSA 27A.5704. Recovery of possession after forfeiture of an executory land contract is provided for by MCL 600.5726; MSA 27A.5726.

Joinder of claims is allowed in the district court summary proceedings, MCL 600.5739; MSA 27A.5739 (§ 5739):

> Except as provided by court rules, a party to summary proceedings may join claims and counterclaims for money judgment for damages attributable to wrongful entry, detainer or possession, for breach of the lease or contract under which the premises were held or for waste or malicious destruction to the premises, but the court may order separate summary disposition of the claim for possession, without prejudice to any other claims or counterclaims. A claim or counterclaim for money judgment shall not exceed the amount in controversy which otherwise limits the jurisdiction of the court.

The jurisdictional limit of district courts is $10,000, MCL 600.8301; MSA 27A.8301. Thus, plaintiffs' additional claims in this case would have exceeded the limit for joinder.

The relationship of summary proceedings to other remedies is outlined in MCL 600.5750; MSA 27A.5750 (§ 5750):

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

Under these provisions, a claim for *money payments due or in arrears under the contract* at the time of trial is barred by a judgment for possession. When a writ of restitution is issued under the judgment, a claim for *money payments which would have become due under the contract* subsequent to issuance of the writ is also barred. Other relief is still available. The last sentence of § 5750 provides that a plaintiff is entitled to file a civil action against a defendant for damages from the time of notice of forfeiture. The first sentence of the same section, however, leaves open the possibility of obtaining other damages preceding the notice of forfeiture so long as the damages do not include money payments due under the contract as outlined in the middle of the provision.

It is clear that claims for damages may be joined with the forfeiture action. Where such damages

exceed the jurisdictional limit of the district court, however, they must be brought in circuit court. It would appear from MCL 600.5704; MSA 27A.5704 that the circuit court does not have jurisdiction over summary proceedings such as land contract forfeitures. See Deems & Tervo, Michigan Real Estate Sales Transactions, § 16.04B(10), p 413. We do not believe that plaintiffs should be required to forego summary proceedings for possession and be forced to elect the foreclosure remedy over which the circuit court has jurisdiction, MCL 600.3101; MSA 27A.3101, simply because they have suffered damages in excess of $10,000. The joinder provision of § 5739 is permissive, not mandatory. Accordingly, plaintiffs may proceed in circuit court on additional claims cognizable there.

In *Gruskin supra,* the question was whether a land contract seller who sent notice of forfeiture had made an irrevocable election requiring the seller to accept possession of the property when tendered in lieu of money damages for breach of contract. The Supreme Court held that, while a seller may not take possession by forfeiture and still seek money damages, the seller may, after sending notice of forfeiture, refuse the tender of possession and commence an action for either money damages or foreclosures of the land contract. 405 Mich 57-58. It is apparent from the context of the discussion that the money damages to which the Supreme Court referred, however, were payments under the land contract, as the opinion speaks of the seller's inability to seek a deficiency judgment after accepting possession. 405 Mich 70. In discussing the operation of § 5750, the Supreme Court noted that "although a judgment for possession has entered, the seller may still seek other relief." 405 Mich 67. Even the dissent recognized that, under §§ 5739 and 5750, a seller may

join in the summary possession action "a claim for money damages, but is precluded from claiming any amount due under the contract." 405 Mich 77.

Shortly after *Gruskin,* this Court addressed the question of whether summary proceedings precluded a seller's claim for reasonable rental value during the period of redemption. *Durda v Chembar Development Corp,* 95 Mich App 706; 291 NW2d 179, lv den 409 Mich 927 (1980). In holding that they do not, this Court noted that the plaintiffs were not seeking to recover *under the contract,* but rather were seeking to recover damages for continued occupancy after the notice of forfeiture. This Court stated that § 5750 preserved the policy under an earlier statute entitling a seller to recover damages "incidental" to a forfeiture proceeding. 95 Mich App 713.

Applying these interpretations to the instant case, summary disposition was improper. The summary proceedings for forfeiture did not bar all other proper claims for relief. The land contract required the purchasers to pay property taxes. It did not require them to pay the taxes to plaintiffs, however. If it had, defendants would be in a position to argue that plaintiffs are barred from seeking recovery of the taxes. Under those facts, the taxes would arguably be another part of the payment for the land. We need not reach that issue. But we do not believe that the instant claim for taxes which defendants were required to pay to the taxing authorities constitutes a claim for money payments due under the land contract. Although nonpayment of taxes was alleged as a material breach of the land contract in the district court forfeiture proceeding, that does not prevent a later claim for unpaid taxes. Plaintiffs alleged that the unpaid taxes now constitute a lien upon

the property. The contract has been forfeited, but plaintiffs are entitled to recover damages incidental to the forfeiture proceeding, including taxes not paid by defendants.

The land contract also prohibited waste by the purchasers. Plaintiffs could have relied on this as a material breach to support forfeiture. After regaining possession, the end sought by forfeiture, however, plaintiffs may still seek such damages. While rental value was not specifically sought in plaintiffs' complaint, it is allowed by *Durda* and covered by plaintiffs' prayer for "other relief." If plaintiffs can prevail on the material issues of disputed fact that exist with regard to their claims, they can obtain relief, and summary judgment was therefore improper.

The issue of whether defendant wives are liable was not decided by the trial court on the merits. On remand, the trial court may decide that issue, and we express no opinion as to how it should be resolved.

Reversed and remanded for further proceedings consistent with this opinion.