ADAMSKI v COLE

Docket No. 134302. Submitted March 3, 1992, at Grand Rapids.
     Decided November 18, 1992, at 9:25 A.M. Leave to appeal
     sought.
     Ralph G. Adamski, a land contract vendor, brought an action in
        the 85th District Court against Howard W. and Patricia A.
        Cole, land contract vendees, and Dahlke Inns, Ltd., and Dr.
        Francis G. Dahlke, land contract assignees, seeking forfeiture
        of the contract for failure to make payments. The defendants
        responded, and the Dahlkes made a timely demand for a jury
        trial and also moved to transfer the matter to circuit court,
        alleging that the damages sought exceeded the district court's
        monetary jurisdiction. The court, Brent Danielson, J., entered a
        consent judgment of forfeiture. On the same day, the Coles filed
        a counterclaim and a request for removal of the action to
        circuit court, alleging the same basis. The court ordered the
        part of the action directly related to the counterclaim removed,
        but retained jurisdiction of the summary proceedings, and
        issued a writ of restitution to the plaintiff. Following a hearing,
        the circuit court, James M. Batzer, J., denied the Dahlkes'
        request for a jury trial, finding that it was not timely. The
        Dahlkes appealed by leave granted.
     The Court of Appeals *held:*
     The circuit court did not err in denying the Dahlkes' request
        for a jury trial. Their demand for a jury trial in the district
        court did not operate as a demand for a jury trial in the circuit
        court.
     1. The action for summary proceedings remained within the
        jurisdiction of the district court when the claim for damages
        exceeding the jurisdictional limits of that court was removed to
        the circuit court.
     2. The Dahlkes' demand for a jury trial in the district court
        was subsumed by the consent judgment regarding the summary
        proceedings. Once it was determined that the counterclaim
        would likely exceed the monetary limitations of the district

court, the claim fell outside the realm of the jury demand in that court.

3. Notwithstanding adequate service of the amended complaint on the Dahlkes in the circuit court, their answer and demand for a jury trial was not timely. The circuit court did not abuse its discretion in denying the request for a jury trial.

Affirmed.

JURY — SUMMARY PROCEEDINGS TO RECOVER PREMISES — DISTRICT COURTS — CIRCUIT COURTS — REMOVAL OF COLLATERAL CLAIMS.

A demand for a jury trial made in a district court in response to a complaint for summary proceedings for the recovery of possession of premises does not operate as a demand for a jury trial with regard to collateral claims that are removed to a circuit court because they exceed the district court's monetary jurisdiction (MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.*).

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for Dahlke Inns, Ltd., and Dr. Francis G. Dahlke.

*Lindsay & Lindsay* (by *Stephen E. Lindsay* and *Christopher F. Lindsay*), for Howard and Patricia Cole.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Defendants Dahlke Inns, Ltd., and Dr. Francis G. Dahlke (hereafter the Dahlkes) appeal by leave granted from a Manistee Circuit Court order denying their motion for a trial by jury. We affirm.

This action arises out of a land contract for the sale of real property. The land contract vendor was plaintiff, Ralph G. Adamski, and the vendees were defendants Howard W. and Patricia A. Cole. The Coles sold the premises to the Dahlkes through an assignment of the land contract. At

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

some point, the Dahlkes discontinued payments because of allegations of misrepresentation in the transactions.

On July 14, 1989, Adamski filed a complaint for land contract forfeiture in district court as provided by MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* The complaint named the Coles and the Dahlkes as defendants and sought relief for delinquent payments and waste to the premises. The Dahlkes and the Coles filed answers and affirmative defenses to the forfeiture complaint in a timely fashion. The Dahlkes also demanded a jury trial, as permitted by MCL 600.5738; MSA 27A.5738. There is no dispute that this demand was filed in compliance with the statute and court rules governing the procedure for obtaining a jury trial. *Id.*; MCR 2.508.

On August 10, 1989, the Dahlkes moved to transfer the matter to the circuit court, alleging that the damages sought by the complaint exceeded the jurisdictional limitations of the district court. See MCL 600.5739; MSA 27A.5739. On August 14, 1989, a judgment of land contract forfeiture was entered in the district court pursuant to consent of the parties. On the same date, the Coles filed a counterclaim and a request for removal to circuit court, averring that the damages sought in the counterclaim would likely exceed the $10,000 jurisdictional limitation of the district court. On August 28, 1989, the district court entered an order removing that part of the action that was directly related to the counterclaim. In the order granting removal, the district court stated as follows:

The District Court retains jurisdiction of the Summary Proceedings as well as the issuance of the Writ of Restitution and other post-judgment

matters associated with the possessory interest of the parties.

On November 17, 1989, the district court issued a writ of restitution restoring possession to Adamski.

On January 10, 1990, Adamski filed an amended complaint in the Manistee Circuit Court, and the Coles subsequently filed an answer and affirmative defenses. Although Adamski limited the request for relief to a money judgment against the Coles, the Dahlkes were named as defendants and received a copy of the circuit court complaint. The Dahlkes' attorney did not file an appearance in the circuit court until April 9, 1990 (nearly three months after service of the amended complaint). The Dahlkes then unsuccessfully attempted to remove the matter to federal court. A pretrial summary order was entered in the circuit court declaring that the matter was to be tried without a jury. The order also granted the Dahlkes the right to petition for a jury trial and the remaining parties the right to respond to a jury trial request.

On July 9, 1990, the Dahlkes filed an answer to Adamski's first amended complaint, along with a cross-claim, a counterclaim, and a demand for a jury trial. The Coles objected to the jury trial demand on the ground that the Dahlkes failed to comply with a provision of the pretrial order that would allow the Dahlkes to petition for a jury trial. The Dahlkes then filed a motion for a jury trial, and the Coles filed a response objecting to a jury trial. Following a hearing on the matter, the circuit court entered an order denying the Dahlkes' motion for a jury trial because it was not timely. We granted the Dahlkes' application for leave to appeal.

The sole issue on appeal is whether the circuit court erred in denying the Dahlkes' request for a

jury trial. We conclude that the court did not err, and we affirm.

We recognize that there is a strong policy in favor of protecting a civil litigant's properly exercised demand for a jury trial. MCR 2.508(A). However, the right to a jury trial in the context of civil litigation must be exercised in compliance with the procedural requirements established by law. See Const 1963, art 1, § 17; MCR 2.508(D)(1). No party disputes that the Dahlkes' demand for a jury trial in the district court was in compliance with the statute and the court rules. The question becomes whether the validly executed demand for a jury trial in the district court operated as a demand for a jury trial in the circuit court as well. We conclude that it did not.

Pursuant to statute and court rule, a party to a summary proceeding may demand a jury trial within the time and by the manner provided. MCL 600.5738; MSA 27A.5738; MCR 2.508. The statute and court rules also permit a party to join cross-claims and counterclaims arising out of the summary proceedings in district court. MCL 600.5739; MSA 27A.5739; MCR 4.202(I)(1). The statute limits joinder of claims to those over which the district court may properly exercise jurisdiction. *Id.* Where the claim asserted exceeds the monetary limitation of the district court, the claim must be removed to the circuit court. *Id.*; MCR 4.202(I)(4).

When removal of a money claim exceeding the jurisdiction of the district court takes place, the summary proceedings claim remains within the jurisdiction of the district court. See *Ames v Maxson,* 157 Mich App 75, 81; 403 NW2d 501 (1987). Legal scholars agree with this Court's interpretation of the implications raised when a claim for money damages arising out of summary proceedings exceeds the district court's jurisdiction:

> If, however, a money claim or counterclaim is
> introduced which seeks damages in excess of the
> court's jurisdictional limits, the court on motion of
> a party or on its own motion must transfer the
> money claim or counterclaim to the circuit court.
> MCR 4.202(I)(4). The action for possession will be
> retained by the district court. [5 Martin, Dean &
> Webster, Michigan Court Rules Practice (3d ed),
> § 4.202, p 311.]

In this case, it is clear that the district court
retained jurisdiction over the summary proceed-
ings because it said as much in the removal order.

We believe that the Dahlkes' demand for a jury
trial in the district court was subsumed by the
consent judgment regarding the summary proceed-
ings claim. The Dahlkes' jury demand was made in
connection with their answer to the summary
proceedings complaint and before the Coles filed
the counterclaim. Thus, the Dahlkes' contention
that their demand was intended to refer to issues
raised by the counterclaim lacks weight. Once it
was determined that the counterclaim would likely
exceed the monetary limitations of the district
court, that claim fell outside the realm of the
district court jury demand.

We are cognizant of the transfer and removal
statutes that allow a jury demand in the court of
origin to follow the action to the recipient court.
See MCL 600.641(4); MSA 27A.641(4); MCR
4.002(C), 4.003. However, when transfer or removal
occurs under these sections, the entire action is
transferred or removed with nothing remaining in
the court of origin. In fact, the court rules govern-
ing the transfer or removal of a suit preclude the
court of origin from taking further action in the
matter beyond that necessary to effect the transfer
or removal. See MCR 4.002(E), 4.003(B)(1). In con-
trast, where removal of a money claim arising out

of a summary proceeding takes place, it is presumed that the district court retains jurisdiction of the summary proceeding and any requests appurtenant thereto. See *Ames, supra.* Thus, we hold that a jury demand made in response to a complaint for summary proceedings in district court does not operate as a jury demand with regard to collateral claims that are removed to the circuit court because the claims exceed the district court's jurisdictional limits.

The Dahlkes' contention that the issues involved are historically decided by a jury does little to convince us that we should revive the district court jury demand and transform it into a circuit court jury demand. Absent some provision in the statutes or court rules allowing such a transformation, we have neither the power nor the inclination to do so. Notwithstanding adequate service of the amended complaint on the Dahlkes and their counsel, the Dahlkes failed to file a timely answer and jury demand in the circuit court. The Dahlkes' failure to comply with the provisions of MCR 2.508 placed the decision to empanel a jury within the circuit court's discretion. *Yon v All American Transport Co, Inc,* 104 Mich App 97, 100; 304 NW2d 495 (1981). The circuit court did not abuse its discretion in this case.

Affirmed.