MICHIGAN NATIONAL BANK, TRUSTEE v COTE

Docket No. 101731. Decided April 23, 1996. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the order of the Court of Appeals and the judgment of the circuit court, and remanded the case to the circuit court for further proceedings.

Michigan National Bank, assignee of a land contract vendor's interest in a parcel of real estate purchased from the estate of Philip A. Touma, brought summary proceedings in the 72nd District Court against Joanne M. Cote and others to recover possession of the property as a result of an alleged breach of the terms of the land contract. The court, Daniel J. Kelly, J., entered a consent judgment providing ninety days for cure of material breaches. When the defendants did not pay, a writ of restitution was issued, and the plaintiff obtained possession of the premises. Thereafter, the plaintiff filed a supplemental complaint, seeking a money judgment for unpaid property taxes. Because the amount exceeded the jurisdictional limit of the district court, the case was transferred to the St. Clair Circuit Court, Peter E. Deegan, J., which granted summary judgment for the plaintiff. The Court of Appeals, TAYLOR, P.J., and MCDONALD and NEFF, JJ., affirmed in an unpublished order, relying on *Ames v Maxson*, 157 Mich App 75 (1987), which held that taxes that a vendee was required to pay to the taxing authorities do not constitute a claim for money payments due under the contract (Docket No. 153987). The defendants seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The holder of a vendor's interest in real estate may not obtain money damages for delinquent real estate taxes that the vendee was obligated to pay under the contract. Recovery of delinquent property taxes is barred by MCL 600.5750; MSA 27A.5750.

The plain language of MCL 600.5750; MSA 27A.5750 leads to the conclusion that the claim for unpaid taxes is barred. The conclusion of the Court of Appeals in *Ames* was wrong; the taxes are money payments. At the time of the judgment they were in arrears under the contract. Thus, a judgment for money damages to recover those amounts was barred by the forfeiture. The fact that

they were payable to the taxing authorities rather than to the land contract vendor is of no consequence.

Reversed and remanded.

*Matthew M. Wallace* for the plaintiff.

*Luce, Henderson, Heyboer & Lane* (by *David R. Heyboer*) for the defendant.

PER CURIAM. In a summary proceedings action under MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.*, the plaintiff received a judgment and writ of restitution to recover property that had been sold under a land contract. The issue raised by the present appeal is whether, after having obtained such relief, the holder of the vendor's interest may obtain money damages for delinquent real estate taxes that the vendee was obligated to pay under the contract. The Court of Appeals followed *Ames v Maxson*, 157 Mich App 75; 403 NW2d 501 (1987), and affirmed the circuit court's award of damages. We conclude that recovery of those delinquent taxes is barred by MCL 600.5750; MSA 27A.5750, and reverse.

I

In September 1986, the defendants purchased a parcel of real estate from the estate of Philip A. Touma. The estate's vendor's interest was assigned to plaintiff Michigan National Bank. On October 1, 1990, the plaintiff brought a summary proceedings action in district court to recover possession of the property as a result of an alleged breach of the terms of the land contract. On December 14, 1990, the parties stipulated to entry of a consent judgment in the amount of $81,937.74, which provided, among other things, that the defendants had ninety days to cure the material

breaches of the contract. The judgment stated the amounts owing as $45,000 in payments under the contract, $36,858.74 in unpaid real estate taxes, and costs of $79. The defendants did not pay the judgment, and, on May 9, 1991, a writ of restitution was issued, and the plaintiff obtained possession of the premises. Plaintiff then filed a supplemental complaint, seeking a money judgment for the unpaid property taxes. Because the amount exceeded the jurisdictional limit of the district court, an order was entered transferring the case to the St. Clair Circuit Court on June 5, 1991.

On March 2, 1992, the circuit court granted summary judgment for the bank on its claim that it was entitled to recover the delinquent taxes. On June 6, 1992, a judgment in the amount of $35,859.17 was entered.

The defendants appealed, but on October 17, 1994, the Court of Appeals affirmed with an order stating:

> Pursuant to MCR 7.214(E) and 7.216(A)(7), the Court dispenses with oral argument and affirms the judgment of the St. Clair Circuit Court in this cause. *Ames v Maxson*, 157 Mich App 75 (1987), is neither distinguishable nor wrongly decided. *Adamski v Cole*, 197 Mich App 124, 128 [494 NW2d 794] (1992).

The Court denied rehearing on November 30, 1994, and the defendants sought leave to appeal in this Court.

II

This case presents a straightforward question of interpreting MCL 600.5750; MSA 27A.5750,[1] which provides:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. *A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial* and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be. [Emphasis added.]

The question is whether the unpaid real estate taxes, which the land contract obligated the defendants to pay,[2] constituted "money payments due or in arrears under the contract at the time of trial" so that

---

[1] This section is, in effect, a codification—arguably with modifications (see *Gruskin v Fisher*, 405 Mich 51; 273 NW2d 893 [1979])—of the common-law rule that the forfeiture of an executory contract for purchase of land constitutes an election of remedies, precluding the vendor from later seeking damages for breach of contract. See, e.g., *Balesh v Alcott*, 257 Mich 352, 354; 241 NW 216 (1932); *Chicago Blvd Land Co v Apartment Garages*, 245 Mich 448; 222 NW 697 (1929); *Taylor v Parkview Memorial Ass'n*, 317 Mich 164; 26 NW2d 748 (1947); *Welling v Dave's Cut Rate Drugs, Inc*, 362 Mich 389; 107 NW2d 798 (1961).

[2] The contract provided:

Purchaser Agrees:

the judgment for possession bars a claim for their recovery.

As noted above, the Court of Appeals order relied on *Ames v Maxson*, *supra*, which held that taxes that the vendee was required to pay to the taxing authorities do not constitute a claim for money payments due under the contract. 157 Mich App 82. While we do not find *Ames* distinguishable from the instant case, as urged by the defendants, we disagree with its conclusion. The plain language of the statute leads to the conclusion that the claim for unpaid taxes is barred. The taxes are "money payments."[3] At the time of the judgment they were "in arrears under the contract." Thus, a judgment for money damages to recover those amounts was barred by the forfeiture.[4]

\* \* \*

(e) To pay all taxes and special assessments hereafter levied on the land before any penalty for non-payment attaches thereto, and submit receipts to Seller upon request, as evidence of payment thereof . . . .

[3] Some damages are recoverable despite § 5750 because they are not for money payments due under the contract. E.g., the reasonable rental value of the property during the time that the vendee remained in possession, *Durda v Chembar Development Corp*, 95 Mich App 706; 291 NW2d 179 (1980), or damages for waste. See, e.g., *Ames v Maxson*, *supra*, 157 Mich App 83. Indeed, the plaintiff raised a waste claim in the instant case, and the circuit court judgment included an amount attributable to that claim.

[4] This conclusion finds support in the commentary by the Michigan Law Revision Commission to its proposal on which the summary proceedings statute was based. The Law Revision Commission draft of § 5750 and its comment thereon read as follows:

Sec. 5750. The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal or equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of land shall merge and bar any claim for money

The fact that they were payable to the taxing authorities rather than to the land contract vendor is of no consequence.

III

Accordingly, we reverse the order of the Court of Appeals and the judgment entered by the St. Clair Circuit Court, insofar as it awarded damages for nonpayment of real estate taxes. We remand the case to the circuit court for any necessary further proceedings.

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

---

payments due or to become due under the contract. The plaintiff obtaining restitution of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

NOTES

*Source:* C.L. 1948, § 600.5667.

*Comment:* The last sentence is based upon the source statute. The first sentence is intended to state explicitly the intent of the present statute. The second sentence is intended to make clear that in land contract cases the plaintiff cannot recover the premises under this chapter and then maintain a separate claim for payments due or to become due under the contract. *If the plaintiff prefers to have money damages under the contract, he should be required to elect that remedy or to foreclose in the circuit court* where the defendant will receive credit for the proceeds of the foreclosure sale. [5th Annual Report, Michigan Law Revision Commission, p 36 (emphasis added).]

The Legislature modified language of the second sentence somewhat, but the change did not affect its substance for the purpose of this issue.